STATE EX REL. WALTER J. HARTNETT v. FRED R. ZELLER,
COMPTROLLER OF THE STATE OF CONNECTICUT

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 76815

Memorandum filed March 8, 1948

*Samuel Reich* and *George A. Saden*, of Bridgeport, for the
Plaintiff.

*William L. Hadden*, Attorney General and *Bernard A. Kosicki*, Assistant Attorney General, both for the State of Connecticut.

COMLEY, J. The alternative writ of mandamus recites that
on or about May 2, 1947, the commissioner of motor vehicles
"orally informed" the relator that his services as supervisor of
branch offices in that department "would no longer be required."
It further alleges that the relator, who has held that position "in
the classified system under the Merit System Act" since 1937,
has at all times since May 2, 1947, been "ready, willing and able
to perform the services" required of his employment but "has
been prevented from doing so by said commissioner of motor
vehicles."

The respondent is the comptroller of the state who, it is alleged, has refused to issue his orders upon the treasurer for the payment of the relator's salary and the relief sought is a judgment requiring him to do so.

The matter is now before the court upon the respondent's motion to quash the alternative writ. This is equivalent to a demurrer and thus all the allegations of fact in the writ are admitted. *State ex rel Foote* v. *Bartholomew,* 103 Conn. 607.

The chief claim advanced by the respondent in support of his motion is that the relator does not allege that he has taken an appeal to the personnel appeal board and that, unless and until he has done so, he may not resort to the courts for relief. This claim requires an interpretation of those provisions of the Merit System Act governing the dismissal of employees in the classified service.

Setion 688e of the 1939 Cumulative Supplement provides as follows:

"An appointing authority may dismiss any employee in the classified service when he shall consider the good of the service will be served thereby, provided written notice of such dismissal shall be given to such employee at least two weeks in advance of his dismissal and a copy of the same filed with the director. Such notice shall set forth the reasons for dismissal in sufficient detail to indicate whether the employee was discharged for incompetency or other reasons relating to the effective discharge of his duties and shall be prepared in such form and given in such manner as the director shall prescribe."

Section 427g of the 1943 Supplement provides that "Any person holding a position in the classified service who shall be demoted, suspended, fined or dismissed, may appeal to the personnel appeal board."

There can be no doubt that an employee who has been "dismissed" must first exhaust his remedy by appeal to the board before he may resort to independent legal action. The converse of this proposition would appear to be equally true, viz., that an employee who has never been "dismissed" need not go to the board before taking legal action. Therefore, the fundamental question in this case is whether or not the relator was dismissed.

Under § 688e, an appointing authority has the power of dismissal but the power is not unlimited or unconditional. It must

be exercised in a certain way. It can only be effectually invoked by complying with the express provisions of the statute, that is, by giving the employee and the director written notice of the dismissal. In this case the motor vehicles commissioner, at least upon the allegations of the alternative writ now before the court, gave no such notice as is specifically defined in the statute and is expressly made a condition precedent to a legal dismissal. The admitted allegation is that the commissioner did nothing but orally inform the relator that his services would no longer be required. This was not a "dismissal" as that term is used in the statute.

Since the relator has never been dismissed it follows that he was not bound to take his case to the personnel appeal board before taking action to collect his salary. He is still an employee of the State in the classified service and no action taken by the board, even if he had appealed to it, could affect that status. The board only has jurisdiction over appeals by persons who "shall be dismissed." An appeal by this relator who has never been dismissed would have been a useless and a fruitless act and, therefore, the law does not require him to do it.

The remaining ground of the motion to quash is based upon the claim that the respondent as comptroller is under no duty to issue an order for the payment of the relator's salary because he has not performed services for the state and has not, since May 2, 1947, been "on the payroll of the Department of Motor Vehicles submitted to the Comptroller for payment."

Section 28c of the Cumulative Supplement of 1935 provides as follows:

"The comptroller shall pay all annual and per diem salaries within two weeks after the close of the month in which the services were rendered, but shall draw no order in payment for any service of which any officer of the state has official knowledge, without the certificate of the latter that such service has been rendered."

If this writ of mandamus were being sought to recover compensation for services rendered, it is clear that the relator would be bound to allege, as a condition precedent to the existence of any ministerial duty on the part of the comptroller, that the motor vehicles commissioner had issued a certificate of the rendition of such services. In that case the relator's remedy would be by writ of mandamus to compel the commissioner to issue the certificate.

That reasoning does not apply to this case. On the admitted allegations, this relator has rendered no services. His claim is that, although he has been ready, willing and able to perform the duties of his position, he has been prevented by the commissioner from doing so. Therefore, the commissioner could not even under court order, issue any certificate that services had in fact been rendered.

The relator here is not seeking payment for services rendered. He is seeking compensation which attaches as an incident to his position under the Merit System Act and of which he cannot be deprived except by strict compliance with the provisions of that act. He has never been legally dismissed from his position and he has never lost the right to compensation that goes with it.

The Motion to Quash is overruled.