The plaintiff brought this action of mandamus to compel the board of public safety of the city of Meriden to restore him to the rank of lieutenant in the Meriden police department with full reimbursement of pay. A substituted complaint also listed counts against the state board of mediation and arbitration and Local 1016 of the American Federation of State, County and Municipal Employees. These counts are not the subject of this appeal. The defendant board of public safety filed a motion to dismiss the complaint and petition for mandamus on the ground that the plaintiff had *Page 639 
not exhausted his administrative remedies. The court granted this motion and the plaintiff has appealed.
The following facts which are set forth in the briefs of the parties are not in dispute: The plaintiff, a sergeant on the police force, was appointed to the rank of temporary acting lieutenant by the defendant board on October 11, 1977. Subsequently, the police union local filed a grievance against the city with the state board of mediation and arbitration regarding the plaintiff's promotion. Thereafter, in early January, 1978, the board of public safety reduced Fortunato to the rank of sergeant.
On January 31, 1978, the board of public safety held a special session to consider Fortunato's appeal. A few days later they affirmed their decision returning Fortunato to the rank of sergeant.
The plaintiff contends that he was denied due process of law and his rights under the city charter because his reduction in rank took place without notice of charges and an opportunity to be heard. He maintains that because of this denial of his rights, his reinstatement to the rank of lieutenant is not discretionary on the part of the board of public safety, and therefore a writ of mandamus should issue. He further maintains that he is not compelled to pursue his administrative remedies because (1) the reduction in rank, was illegal; (2) it is too difficult to determine what administrative remedies apply; and (3) the failure of the police chief and personnel director to answer his grievance makes it impossible for him to pursue his administrative appeal.
We need not reach the question of whether the defendant's action was illegal or within its discretion, because we agree with the trial court that it *Page 640 
did not have jurisdiction to hear this action due to the plaintiff's failure to pursue his administrative remedies. The trial court found, as recited in its memorandum of decision, that the plaintiff had adequate administrative remedies under both 83 of the Meriden city charter and the collective bargaining agreement between the city of Meriden and the police union. Neither of these remedies was exhausted. It further found that the act of returning the plaintiff to the rank of lieutenant was not a ministerial act for which mandamus would lie.
It is well settled that mandamus is an extraordinary remedy. It requires that the party against whom the writ is sought have a duty with respect to the performance sought, that the party seeking the writ have a clear legal right to have the duty performed, and that the aggrieved party have no other adequate remedy at law. It is used only when required to supplement the deficiencies of ordinary legal processes. Milford Education Assn. v. Board of Education, 167 Conn. 513, 518-19,356 A.2d 109 (1975); Bassett v. Atwater, 65 Conn. 355,360, 32 A. 937 (1895).
It is also well settled that when an adequate administrative remedy exists it must be exhausted before resort to relief in court. McNish v. American Brass Co., 139 Conn. 44, 53, 89 A.2d 566, cert. denied, 344 U.S. 913, 73 S.Ct. 336,97 L.Ed. 704 (1952). "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. To allow a party seeking a declaratory judgment to bypass the entire process under certain circumstances would be to interject an unnecessary and potentially confusing element into an otherwise well-defined area *Page 641 
of the law." Connecticut Life Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-59,377 A.2d 1099 (1977). If the plaintiff had adequate administrative remedies, he was required to exhaust them before bringing this action of mandamus. We find that such administrative remedies did exist.
The plaintiff argues that he was not required to follow the grievance procedure in the collective bargaining agreement because 83 of the Meriden city charter controls. Even if this were true, this section provides that "any . . . officer . . . aggrieved by . . . reduction may, within ten days after receiving notice of such action of the board, appeal therefrom to the superior court of New Haven . . . ." Such an appeal was never taken. The fact that there were conflicting remedies did not preclude the plaintiff from making every effort to exhaust such administrative remedies.
General Statutes 7-474 (f) provides that "[w] here there is a conflict between any agreement reached by a municipal employer and an employee organization . . . on matters appropriate to collective bargaining . . . and any charter, . . . the terms of such agreement shall prevail . . . ." Under this statute the collective bargaining agreement controls. This agreement sets forth a four-step grievance procedure, culminating in an appeal to the state board of mediation and arbitration. Although the plaintiff claims to have filed a grievance with the police chief, the personnel director and the board of public safety, the orderly fashion prescribed by the collective bargaining agreement was not followed. Further, the alleged failure of the police chief and personnel director to answer the grievance did not preclude Fortunato from moving on to the next step of the grievance procedure. The collective bargaining agreement specifically *Page 642 
provides that if the city fails to answer any grievance within the prescribed time limits, the grievance may be processed to the next step.[2]
The plaintiff also maintains that the fact that the action taken by the board of public safety was illegal removes the requirement of following the course of administrative remedies. The plaintiff relies on the case of State ex rel. Walter J. Hartnett v. Comptroller of Connecticut, 15 Conn. Sup. 336
(1948). In that case, a statute required an administrative appeal by a party aggrieved by a dismissal from state employment. The exhaustion of administrative remedies was excused because it was held that no dismissal had taken place, since written notice of dismissal had not been given as required by statute. In the present case, there is no contention that the reduction in rank never actually occurred, or that the plaintiff did not receive notification of the reduction in rank. Therefore, the alleged illegality of the reduction would have been the subject of the administrative appeal.
 There is no error.
In this opinion SHEA and DALY, Js., concurred.