ROBERT LOPIANO *v.* CITY OF STAMFORD ET AL.
(8756)

SPALLONE, DALY and O'CONNELL, Js.

Argued June 4—decision released August 14, 1990

*Harry B. Elliott, Jr.,* with whom, on the brief, was *J. William Gagne, Jr.,* for the appellant (plaintiff).

*Richard A. Robinson,* assistant corporation counsel, with whom, on the brief, were *Mary E. Sommer,* corporation counsel, and *Robert A. Skovgaard,* for the appellees (defendants).

SPALLONE, J. The plaintiff appeals from the judgment of the trial court dismissing his action for lack of subject matter jurisdiction. The plaintiff challenges the court's ruling that he had failed to exhaust his administrative remedies, claiming that administrative remedies were either unavailable or futile. We disagree.

The plaintiff, a classified civil service employee of the Stamford police department, competed in a written examination for the post of police lieutenant. On the basis of his test score, he was among the five officers certified as eligible for the post. These candidates were then interviewed by members of the city police commission which by charter has the sole power of promo-

tion. The commission selected candidate Douglas Baker for the promotion rather than the plaintiff.

In April, 1989, Lopiano filed a complaint against the city of Stamford, its director of personnel and the interviewing panel of five police commissioners. Baker was later added as a defendant on his own motion. The plaintiff alleged that the interview had been a de facto oral examination that failed to comply with the city's classified service rules and the requirements of due process. Accordingly, he requested a judgment declaring that the oral examination was illegal and void, and requested a writ of mandamus ordering the defendants to administer a proper examination.

The defendants moved to dismiss the action, principally because the plaintiff failed to follow the established procedures for appealing examination results and because mandamus does not lie for discretionary acts. The defendants presented evidence that the relevant city rules require that an appeal concerning examination results be brought to the city's personnel director. The court granted the motion to dismiss, ruling that it was without jurisdiction in a matter where the plaintiff had an administrative remedy.

On appeal, the plaintiff argues that the court should have heard his claim that the police commission conducted an arbitrary, capricious and illegal interview. He asserts that the city's rules provide no procedures for reviewing the commission's use of its discretionary interviewing and investigatory powers. He further argues that an appeal to the city's personnel director would have been futile because this official could not compel the police commission to grant the relief sought.

We cannot determine whether the city rules provide an adequate remedy for challenging an illegal interview and, if so, whether the trial court properly found that the plaintiff failed to exhaust this remedy. The claim

of an illegal interview was never presented to the court. The plaintiff's complaint alleged that he had been subjected to an improper *oral examination*. This term appears numerous times in the complaint, the gravamen of which was that the administration of this examination failed to comply with the cited city rule specifying examination procedures. The defendants responded to the allegation of an illegal examination and argued the application of city rules concerning examination appeal procedures. The court determined only that the city rules specified a procedure for appealing examination results and that the plaintiff failed to follow this procedure. Neither the defendants nor the court had the opportunity to consider the procedures relevant to an appeal from a discretionary interview.

After his action for review of his examination results was dismissed, the plaintiff abandoned his charge of an illegal examination and, on appeal, changed his theory of the case. Absent plain error, issues raised for the first time on appeal will not be reviewed. *Crozier* v. *Zaboori,* 14 Conn. App. 457, 462, 541 A.2d 531 (1988). The plaintiff cannot on appeal present new theories or questions if proof might have been offered to refute them at trial. *Ritcher* v. *Childers,* 2 Conn. App. 315, 318, 478 A.2d 613 (1984). Our role on review is to decide whether the trial court's decision is clearly erroneous in view of the evidence and pleadings in the record; Practice Book § 4061; and we must dispose of a case on the theory on which it was tried and decided. *Housatonic Valley Publishing Co.* v. *Citytrust,* 4 Conn. App. 12, 15, 492 A.2d 203 (1985). We thus limit our review to a determination of whether the court properly concluded that the plaintiff had an available administrative appeal from his examination results.

It is a well settled principle of administrative law that a party may not bring a matter to the Superior Court without first exhausting available administrative reme-

dies. *Silverman* v. *New Haven,* 19 Conn. App. 360, 364, 562 A.2d 562, cert. denied, 212 Conn. 812, 565 A.2d 537 (1989). The exhaustion of remedies doctrine implicates subject matter jurisdiction; a case must be dismissed if an administrative avenue of redress remains untried. Id., 365; see also *Pet* v. *Department of Health Services,* 207 Conn. 346, 351, 542 A.2d 672 (1988); *Cahill* v. *Board of Education,* 198 Conn. 229, 238, 502 A.2d 410 (1985).

We agree with the court that the plaintiff failed to exhaust an available administrative remedy. The plaintiff's complaint alleged that the police commission's oral examination violated rule 5.1 of the city's classified service rules, the section concerning examination announcements for open competitive examinations. Rule 7.2 of the city rules concerns general appeals and provides in pertinent part that "[a] candidate may request the opportunity to review his/her examination results and file an appeal. *All appeals relating to Rule 5 should be made in writing to the Personnel Director* and filed within thirty (30) days of the notification date of the examination results." (Emphasis added.) The plain unambiguous language of rule 7.2 provides the remedial procedure for redressing a violation of rule 5.

The plaintiff failed to follow this mandated procedure and offers no reasons why he should be excused. We cannot assume that recourse to that procedure would necessarily have been futile or inadequate, two recognized exceptions to the exhaustion doctrine. See, e.g., *Doe* v. *Heintz,* 204 Conn. 17, 36–37, 526 A.2d 1318 (1987); *Griswold* v. *Union Labor Life Ins. Co.,* 186 Conn. 507, 519, 442 A.2d 920 (1982). The plaintiff should have followed the specified procedure for appealing his examination results to the personnel director. Had the claim of an illegal examination been properly before him, the personnel director might have agreed

with the plaintiff and could have granted the relief requested. This action to the Superior Court would not then have been necessary.

The plaintiff unequivocally complained of the defendants' failure to follow statutory procedures for administering an examination. There is no question that the plaintiff had an adequate remedy through the administrative appeal process and that he failed to pursue such procedure. The trial court, in dismissing the plaintiff's complaint, acted appropriately and in accordance with applicable law.

The judgment is affirmed.

In this opinion the other judges concurred.