L & G ASSOCIATES, INC. *v.* ZONING BOARD OF APPEALS OF THE CITY OF DANBURY
(10627)

DALY, HEIMAN and SCHALLER, Js.

Argued December 9, 1992—decision released April 8, 1993

*Bruce L. Elstein,* with whom was *Henry Elstein,* for the appellant (plaintiff).

*Daniel E. Casagrande,* with whom, on the brief, was *Richard R. Talbot,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals from the judgment rendered in favor of the defendant in an action in which

---

the plaintiff sought a judgment declaring that a 1978 use variance applied to its property. The trial court determined that a use variance granted by the defendant did not permit the plaintiff to construct a building on its property for business, banking or professional purposes but allowed the property to be used only incidentally to the construction of a commercial building on another parcel of land in accordance with the site plan filed with the original application for variances.

Our review of the entire record reveals that neither this court nor the trial court had jurisdiction to hear this matter. This court may raise the issue of subject matter jurisdiction sua sponte. "Jurisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here." (Internal quotation marks omitted.) *Serrani* v. *Board of Ethics,* 225 Conn. 305, 308, 622 A.2d 1009 (1993).

Practice Book § 390 provides in pertinent part: "The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." "Noncompliance with subsection (d) of Practice Book § 390 renders the declaratory judgment action void because the failure to comply with the notice requirement affects due process rights of persons not before the court and constitutes a substantial defect that deprives the court of subject matter jurisdiction." Id., 309; *Leoni* v. *Water Pollution Control Authority,* 21 Conn. App. 77, 80, 571 A.2d 153 (1990). Section 390 (d) is not merely a procedural rule. Its purpose is to ensure that people's due process rights shall not be judicially determined without providing them their day in court and an opportunity to be heard. *Kolenberg* v. *Board of Education,* 206 Conn. 113, 124, 536 A.2d 577,

cert. denied, 487 U.S. 1236, 108 S. Ct. 2903, 101 L. Ed. 2d 935 (1988); *Russo* v. *Watertown,* 184 Conn. 30, 34, 441 A.2d 56 (1981).

There is no indication in the record that notice was given to all persons having an interest in the subject matter of the complaint. Those who were entitled to notice include not only those who are statutorily aggrieved, but also those who are classically aggrieved. *Pierce* v. *Zoning Board of Appeals,* 7 Conn. App. 632, 637–38, 509 A.2d 1085 (1986). Strict adherence to the notice requirements of § 390 (d) is required. *Russo* v. *Watertown,* supra, 33; *Echo Four* v. *Hill,* 3 Conn. App. 118, 122–23, 485 A.2d 926, cert. denied, 195 Conn. 801, 487 A.2d 564 (1985). Absent such notice, this court is without jurisdiction to hear this matter and the trial court was without jurisdiction to render declaratory judgment.

Our conclusion that the trial court lacked subject matter jurisdiction to render a declaratory judgment does not, however, require a dismissal of the action on remand. "A jurisdictional defect relating to notice can be remedied in any of the ways noted in *Connecticut Ins. Guaranty Assn.* v. *Raymark Corporation,* [215 Conn. 224, 230, 575 A.2d 693 (1990)]. Notably, the plaintiff may ask for an order of notice in order to comply with the procedural requirements of the Practice Book with respect to individuals whose identity might otherwise be difficult to ascertain. Once there has been compliance with § 390 (d), the trial court will have plenary authority to render whatever judgment it then deems appropriate. Id." *Serrani* v. *Board of Ethics,* supra, 309–10; see id., 309 n.5.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.