[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
The plaintiff, Town of Thomaston, commenced this action by writ, summons and complaint dated July 30, 1992 against Edward Gebelein, Jr. (the "defendant") to abate by demolition a public nuisance consisting of a vacant three-family structure at 13 Center Street deemed uninhabitable by the Torrington Area Halth [Health] District and structurally unsound by the municipal building official.
On March 31, 1993, the defendant answered and filed a four-count counterclaim. The first count alleges that the code enforcement officials made a wrongful determination in December 1989 that the building was uninhabitable and structurally unsound. The second count alleges that these actions unconstitutionally deprived the defendant of the use and enjoyment of his property "without due process by law" under the constitution of the United States and the State of Connecticut. The third count alleges that the code enforcement officials knowingly made an CT Page 6293 erroneous determination for improper purposes contrary to law. The fourth count alleges that the determination was made in bad faith. The defendant claims money damages and an "order requiring the town to cooperate with the defendant to realistically assess the damage and to work out a program to allow him to effect the necessary improvements."
All of these counts are predicated on, and directed against the decision of the code enforcement officials in December 1989 to vacate the tenants and to condemn the building. On April 12, 1993 the plaintiff moved to dismiss the counterclaim in its entirety because of the defendant's failure to appeal those decisions within the time allowed by statute, specifically, his failure to exhaust his administrative remedies. The defendant has not opposed this motion.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
In their memorandum in support of the motion to dismiss the defendant's counterclaim the plaintiff contends that the defendant failed to appeal the decisions of the code enforcement officials. Specifically the plaintiff contends that the defendant failed to timely appeal the determination that the defendant's building was uninhabitable and structurally unsound and thereby failed to exhaust his administrative remedies.
A "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council,217 Conn. 143, 152, 584 A.2d 1183 (1991) (quoting Chestnut Realty, Inc. v. Comm'n on Human Rights Opportunities, 201 Conn. 350, 514 A.2d 749
(1986)).
Moreover, if an "`adequate administrative remedy exists; it must be exhausted before the Superior Court will obtain jurisdiction to act in the manner. . . .'" (Citations omitted) Concerned Citizens of Sterling v. Town of Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987). "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which the reviwing [reviewing] court will have the benefit of the agency's findings and conclusions." Id. at 557. Although a party is not required to pursue a "futile administrative remedy," "futility is more than a mere allegation CT Page 6294 that the administrative agency might not grant the relief requested." Id. at 559-60. The party must show that "the administrative remedy would be useless." Id.; Lopiano v. City of Stamford, 22 Conn. App. 591, 595,577 A.2d 1135 (1990).
The exhaustion doctrine applies where the party who has failed to appeal is now seeking injunctive relief. Housing Authority of East Hartford v. Papandrea, 222 Conn. 414, 423-24, 610 A.2d 637 (1992). Furthermore, the mere raising of a constitutional challenge to the agency's action will not warrant direct adjudication of those claims where the relief sought by the applicant could have been obtained through the alternate statutory appeals process which the litigant chose to ignore. Pet v. Department of Health Services, 207 Conn. 346,354, 542 A.2d 672 (1988).
General Statutes 19a-229 provides that:
 Any person aggrieved by an order issued by a town, city or borough director of health may, within forty-eight hours after the making of such order, appeal to the commissioner of health services, who shall thereupon immediately notify the authority from whose order the appeal was taken, and examine into the merits of such case, and may vacate, modify or affirm such order.
General Statutes 19a-229; see also 47a-52(f).
The statutes similarly provide that any person aggrieved by a decision of the local building official may appeal in writing to the local municipal board of appeals, or if none exists (as in the case of Thomaston), to the chief executive officer of the municipality (i.e., the First Selectman) who must appoint a board within five days or if not, then to the statewide Codes and Standards Committee. General Statutes29-266(c); Conn. Bldg. Code Supp., 124.1, et seq.
In the case at bar, the defendant failed to appeal the merits of the code enforcement officials' decisions in the time allowed by law. The defendant's statutory right to appeal afforded him the due process rights which he now claims were violated. The defendant's claim for an injunction to order town officials "to cooperate" with him, is not a proper subject of injunctive relief and does not excuse his failure to exhaust his administrative remedies.
Accordingly, the plaintiff's motion to dismiss the defendant's counterclaim is granted.
PICKETT, J. CT Page 6295