[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE SUMMARY JUDGMENT
FACTS
The facts as alleged in the pleadings are as follows. On December 20, 1976, the plaintiffs, Frank and Claire Cirullo, purchased real property located at 8 Massachusetts Road in Old Lyme, Connecticut. On September 9, 1992, the plaintiffs applied to the defendant, Joseph Hart, the building official ("BO") and zoning enforcement officer ("ZEO") of the Town of Old Lyme, for a building permit to change the existing gabled dormer of a house located on the property to a shed dormer. The defendant, in his capacity as the ZEO, found that the plaintiffs' request did not conform to the zoning regulations as they needed a variance from 21.3 and 8.8.1 of the zoning regulations. Therefore, the defendant, in his capacity of a BO, refused to issue a building permit.
At the suggestion of the defendant, the plaintiffs applied to the Zoning Board of Appeals ("ZBA") for a variance from 21.3 and 8.8.1 of the zoning regulations to permit replacement of the existing gabled dormer with a 24 foot shed dormer. A hearing was held on October 21, 1992, at which the ZBA denied the plaintiffs' application. Thereafter, the plaintiffs filed a second application with the ZBA requesting a variance from 21.3 and 8.8.1 of the zoning regulations to replace the gabled dormer with a 15'6" shed dormer. A hearing was held on March 16, 1993, where the ZBA again denied the plaintiffs' request for a variance.
The plaintiffs instituted the present action on April 29, 1993, seeking a writ of mandamus ordering the defendant, in his capacity as building officer, to issue a building permit in accordance with the plaintiffs' original application for a building permit. On June 22, 1993, the defendant filed an answer and special defense alleging the plaintiffs have failed to exhaust their administrative remedies.
On October 28, 1993, the plaintiffs, with permission of the court, filed a motion for summary judgment. In support of CT Page 1251 their motion, the plaintiffs submitted a memorandum of law, affidavits of Frank and Claire Cirullo, a copy of the ZBA minutes of October 21, 1992 and March 16, 1993, and the building plans submitted to the defendant. On November 4, 1993, the defendant filed a memorandum of law in opposition to the plaintiffs' motion for summary judgment along with affidavits of Joseph Hart and June Speirs, the Chairman of the ZBA.
DISCUSSION
"Summary Judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 380. Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 505,538 A.2d 1031 (1988); see also Reid Reige v. Brainerd Cashman Ins. Agency, Inc., 26 Conn. App. 580, 584, 602 A.2d 1051
(1992).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citation omitted.) Id.
It should first be noted that in opposition to the plaintiffs' motion for summary judgment, the defendant argues that the plaintiffs have failed to exhaust their administrative remedies. "`"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter."'" Pet v. Dept. of Health Services, 207 Conn. 346, 350-51, 542 A.2d 672 (1988), quoting Cummings v. Tripp, 204 Conn. 67, 75, 527 A.2d 1230
(1987). Thus, "[a] party may not institute an action in the Superior Court without first exhausting available administrative remedies." Gemmell v. New Haven, 32 Conn. App. 280,283, 628 A.2d 1331 (1993), citing Hyatt v. Milford, 26 Conn. App. 194, CT Page 1252 197, 600 A.2d 5 (1991), appeal dismissed,224 Conn. 441, 619 A.2d 450 (1993); Lopiano v. Stamford, 22 Conn. App. 591,594-95, 577 A.2d 1135 (1990). "If the applicable administrative remedies are not exhausted, the trial court does not have subject matter jurisdiction over the matter." Gemmell v. New Haven, supra, citing Trigila v. Hartford,217 Conn. 490, 493-94, 586 A.2d 605 (1991); Hyatt v. Milford, supra.
"This court may raise the issue of subject matter jurisdiction sua sponte." L G Associates, Inc. v. Zoning Board of Appeals, 31 Conn. App. 12, 13, 623 A.2d 494 (1993). "`Jurisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . .'" Id., quoting Serrani v. Board of Ethics, 225 Conn. 305, 308, 622 A.2d 1009
(1993). The court will, therefore, address the issue of exhaustion of administrative remedies before turning to the merits of the plaintiffs' motion for summary judgment.
Subject matter jurisdiction is the power of the court "`to hear and determine cases of the general class to which the proceedings in question belong.'" (Citations omitted.) Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988). "`[T]he exhaustion doctrine implicates subject matter jurisdiction.'" Housing Authority v. Papandrea, 222 Conn. 414,420, 610 A.2d 637 (1992), quoting Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987). "If the trial court ha[s] no jurisdiction because the plaintiff[s] ha[ve] failed to exhaust [their] administrative remedies, the action must be dismissed." Concerned Citizens of Sterling, supra, 557.
The defendant maintains that pursuant to General Statutes8-6 and 52.1.1 of the Old Lyme Zoning Regulations, the plaintiffs had a right to appeal to the ZBA from the zoning enforcement officer's denial of their application. The defendant asserts that the plaintiffs' failure to institute such an appeal now precludes them from seeking judicial relief. The court agrees. The plaintiffs should have appealed the denial of their application to the ZBA.
Section 8-6 provides, in relevant part, that "[t]he zoning board of appeals shall have the . . . power . . . [t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the CT Page 1253 official charged with the enforcement of [the zoning regulations]." General Statutes 8-6 (1). Section 52.1.1 is similar and provides that the zoning board of appeals has the power "to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the agent of the Commission, or any other official charged with the enforcement of these Regulations." Old Lyme Zoning Regulations 52.1.1. The court, therefore, finds that under both the General Statutes and the old Lyme Zoning Regulations, the plaintiffs have a right to appeal the ZEO's decision to the ZBA.
Although it is true that "where a statutory right of appeal from an administrative decision exists, an aggrieved party, may not bypass the statutory procedure and instead bring an independent action `to test the very issue which the appeal was designed to test;'" (citations omitted). LaCroix v. Board of Education, 199 Conn. 70, 78, 505 A.2d 1233 (1986); see also Lapiano v. Stamford, 22 Conn. App. 591, 577 A.2d 1135 (1990); there are exceptions to the rule. Cannata v. Department of Environmental Protection, 215 Conn. 616, 628, 577 A.2d 1017
(1990); Payne v. Fairfield Hills Hospital, 215 Conn. 675, 680,578 A.2d 1025 (1990). The courts have carved exceptions in cases where: (1) the plaintiff challenges the constitutionality of the statute or regulation under which an agency operates; Payne, supra, 680; (2) recourse to the administrative remedy would be futile or inadequate; Cannata, supra, 628; (3) an agency lacks jurisdiction due to defective notice; Young v. Chase, 18 Conn. App. 85, 91, 557 A.2d 134
(1989); and (4) statutory authority has been exceeded. Id. The courts, however, "`"have recognized such exceptions only infrequently and only for narrowly defined purposes."'" Cannata, supra, 628, quoting Pet v. Department of Health Services, 207 Conn. 346, 353, 542 A.2d 672 (1988).
The plaintiffs first argue that they were not required to exhaust their administrative remedies because any such appeal would have been futile or inadequate. "[F]utility is more than a mere allegation that the administrative agency might not grant the relief requested." Concerned Citizens of Sterling, supra, 560. "An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief." Cannata, supra, 628. "In most instances, . . . the failure to exhaust an administrative remedy is permissible only when the administrative remedy would be CT Page 1254 useless." Concerned Citizens of Sterling, supra, 560.
The plaintiffs contend that it would have been futile to appeal the ZEO's decision to the ZBA because the zoning board of appeals had previously denied the plaintiffs' applications for variances to construct the shed dormer. However, "`statutory remedies are not rendered futile by the plaintiff's conclusory assertion that requesting and attending a hearing before the defendant board would have been pointless in the face of the supra, 430, quoting LaCroix, supra, 84-85.
Furthermore, the present action challenges the ZEO's decision that the plaintiffs' zoning permit was not in compliance with the zoning regulations. The ZBA has not previously ruled on whether the defendant's decision was erroneous and the plaintiffs have not submitted anything to show that an appeal of the ZEO's decision would have been futile. The fact that the ZBA had previously denied the plaintiffs' applications for variance does not support the plaintiffs' futility claim.
The plaintiffs also assert that they need not exhaust their administrative remedies where a mandamus action provides a more expeditious and effective remedy. In support of their argument, the plaintiffs rely upon Vartuli v. Sotire,192 Conn. 353, 472 A.2d 336 (1984). However, Vartuli v. Sotire, supra does not support their argument. The defendants in Vartuli v. Sotire, supra, did not argue that the plaintiff failed to exhaust his administrative remedies. Rather, that the defendants argued that the plaintiff was not entitled to mandamus because he had an adequate remedy at law. Vartuli v. Sotire, supra, is in apposite to the present action.
 "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. To allow a party seeking a declaratory judgment to bypass the entire process under certain circumstances would be to interject an unnecessary and potentially confusing element into an otherwise well-defined area of the law."
Fortunato v. Board of Public Safety, 36 Conn. Sup. 637, 640-41, CT Page 1255423 A.2d 909 (App.Ct. 1980), quoting Connecticut Life 
Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-59,377 A.2d 1099 (1977). Thus, "[i]f a plaintiff ha[s] adequate administrative remedies, he [is] required to exhaust them before bringing [an] action of mandamus." Id., 641. Therefore, the plaintiffs were required to exhaust their administrative remedies with respect to the application for a building permit.
The plaintiffs' remedy at law is to appeal the unfavorable decision to the zoning board of appeals. The motion for summary judgment is hereby denied.
Hurley, J.