[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Timothy Gilleran, instituted this action by complaint filed March 12, 1993. He seeks to recover from the defendants, the Town of Manchester ("town") and the Manchester Police Department ("police department"), for an alleged wrongful discharge and for the emotional distress he suffered as a result of his termination.
The plaintiff alleges the following facts in his complaint. On April 18, 1990, Gilleran was appointed to the police department as a probationary employee. His permanent employment was contingent upon his successful completion of the curriculum of the Municipal Police Training Academy, and successful completion of the probationary period which included a fourteen week Field Training Officer Program ("FTOP"). CT Page 6313
In a letter signed by Acting Chief of Police Henry Minor, the plaintiff was informed that, due to his alleged substandard performance in the FTOP, he was being terminated effective November 29, 1990. Gilleran claims that the police department failed to follow its own policies and procedures and did not exercise good faith in evaluating and dismissing him.
The defendants now move for summary judgment. They claim that the plaintiff's failure to exhaust available administrative remedies deprives this court of jurisdiction. Both parties have filed memoranda of law in support of their respective positions.
The defendants argue that this court lacks subject matter jurisdiction because the plaintiff has not exhausted his administrative remedies. The plaintiff claims that this action is proper because he did in fact exhaust all administrative remedies. Alternatively, the plaintiff argues that any attempt at exhausting his administrative remedies would have been futile.
Although a motion to dismiss is generally the proper way to contest a court's jurisdiction, Practice Book § 142;Gurliacci v. Mayer, 218 Conn. 538, 541 (1991); whenever a court discovers that it lacks subject matter jurisdiction, it is bound to dismiss the case. Cahill v. Board of Education,198 Conn. 229, 238 (1985). Because the defendant has brought to the attention of the court the possible absence of subject matter jurisdiction via this motion for summary judgment, this must be passed upon "before this matter can move one step further; as any movement is necessarily the exercise of jurisdiction."Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297
(1992).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the superior court will obtain jurisdiction to act in the matter." Concerned Citizens of Sterling v.Sterling, 204 Conn. 551, 556 (1987), quoting Connecticut Lifeand Health Insurance Guaranty Assn. v. Jackson, 173 Conn. 352,358-59 (1977).
The defendants base their claim of lack of subject matter jurisdiction on the plaintiff's failure to pursue or exhaust administrative remedies available to him under the Charter for the Town of Manchester. Specifically, the defendants CT Page 6314 direct the court's attention to § 10-3 of the Town Charter. This section concerns removal of policemen, and provides as follows:
 The Chief of Police shall have the power to remove, expel, suspend, reduce in rank or otherwise deal with officers of all ranks and regular, supernumary [supernumerary] and special members of the police when in his opinion the best interests of the Department require such action. Any officer or member of the Police Department thus subjected to disciplinary action shall be entitled upon request in writing to the General Manager to a public hearing before the General Manager under such procedure as the General Manager shall provide.
A town's "charter is the fountainhead of municipal powers. It originates and defines the power of government and the method of governance . . . ." State ex rel. Raslavsky v.Bonvouloir, 167 Conn. 357, 362 (1974). In the present case, the Manchester Town Charter provided the plaintiff with a procedure to request a public hearing before the town's general manager to contest the termination of his probationary term of employment. That procedure required the plaintiff to make such a request in writing to the general manager.
The plaintiff's first argument is that he has complied with the requirements of § 10-3. The plaintiff claims that he, through his attorney, wrote to the mayor of Manchester and requested a hearing to review the termination. The plaintiff claims this request was forwarded to and denied by the general manager.
In this court's view, the plaintiff did not exhaust his administrative remedies by virtue of the letter addressed to the mayor.[1] Although he specifically asked that a hearing be held to discuss the issue of "aggressive police", he did not make this request of the general manager as required by § 10-3, and, more importantly, it is undisputed that no such hearing has ever, to this point, taken place. Under these circumstances, this court cannot conclude that the plaintiff has complied with the procedural steps of § 10-3. CT Page 6315
The plaintiff argues further, and alternatively, that any attempt to petition the general manager for relief would have been futile. The plaintiff's basis for this claim is the letter his attorney received from the town's general manager in which, the pl plaintiff points out, "the town manager did not even mention the possibility of an appeal."
It is true that futility is a valid exception to the general rule requiring exhaustion of administrative remedies prior to bringing a cause of action in court. Lopiano v.Stamford, 22 Conn. App. 591, 595 (1990). However, in this court's view, the letter from the general manager to the plaintiff's attorney does not provide sufficient evidence that an attempt to pursue the administrative remedy provided by § 10-3
would be futile. This letter does not indicate that the plaintiff's appeal would be denied if he pursued it. Rather, the general manager explains that he has overall authority for personnel decisions and that it would not be appropriate for the Board of Directors to be involved in a hearing or review of the circumstances of the plaintiff's termination. This letter simply does not provide a valid basis for exempting the plaintiff from the exhaustion requirement. See Concerned Citizens ofSterling v. Sterling, supra, 559.
Finally, in light of this ruling, the plaintiff requests the court to stay this action to allow a formal request for a hearing before the town manager. However, because this court has determined that it lacks subject matter jurisdiction, it does not have the power to entertain this request. SeeBaldwin Piano Organ Co. v. Blake, supra, 297. In view of the court's finding that it lacks subject matter jurisdiction, it is not necessary to address the other issues raised in the motion.
Accordingly, defendants' motion for summary judgment is granted.