[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
Elstein Elstein for plaintiff.
Secor, Cassidy McPartland for defendant.
This is an action for a judgment declaring that a variance granted by the defendant allowed for the construction of a commercial building on certain of the plaintiff's real property. The court, Sullivan, J., determined that the variance did not permit such construction. The plaintiff appealed to the Appellate Court which reversed on grounds that there was insufficient notice to parties whose interests might be affected, depriving the court of subject matter jurisdiction.
The defendant now urges that the matter should be referred back to Judge Sullivan for further action on the remand. The court agrees.
The plaintiff claims that there was no jurisdiction and Judge Sullivan cannot again hear the matter without the consent of the parties, after his judgment was reversed.
Section 51-183c of the General Statutes prevents a judge who presides over a non-jury trial from retrying the case in a new trial.
The Appellate Court, however, did not order a new trial. Instead, it remanded the case for further proceedings consistent with "its opinion."
The L G court stated at 31 Conn. App. 12 that:
 Our conclusion that the trial court lacked subject matter jurisdiction to render a declaratory judgment does not, however, require a dismissal of the action on remand. `A jurisdictional defect relating to notice can be remedied in any of the ways noted in Connecticut Ins. Guaranty Assn. v. Raymark Corporation, [215 Conn. 224, 230, 575 A.2d 693 (1990)]. Notably, the plaintiff may ask for an order of notice in order to comply with the procedural requirements of the Practice Book with respect to individuals whose identity might otherwise be difficult to ascertain. Once there has been compliance with Sec. 390(d), the trial court will have plenary authority to render whatever judgment it then deems appropriate. Id.' Serrani v. Board of Ethics, supra, 309-10; see id., 309 n. 5.
The order of notice in this case was granted. Interested persons were notified. No additional interested parties intervened. The defendant's oral motion referring the matter to Judge Sullivan is granted. CT Page 7840
Flynn, J.