[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: NOTION FOR SUMMARY JUDGMENT (#108)
The plaintiff, The Connecticut Indemnity Company, filed a declaratory judgment action on December 6, 1993, against the defendants, Rafael Martinez, Sr., Rafael Martinez, Jr., Maureen Stacy, Eugene Stacy, Jr., and Affiliated Transport Services, Inc.
The plaintiff alleges the following facts. Rafael Martinez, Jr. was operating a tractor trailer which struck a motor vehicle operated by Eugene Stacy, Sr. Maureen Stacy and Eugene Stacy, Jr. were passengers in the vehicle. Maureen Stacy filed suit against the Martinezes and Affiliated Transport Services seeking compensation for injuries and damages resulting from the accident.
Rafael Martinez, Sr. was insured under a commercial liability policy with the plaintiff. The plaintiff has brought this action to determine whether it is legally or contractually obligated to indemnify and/or defend the Martinezes pursuant to the policy. CT Page 700
The complaint in the underlying action brought by the Stacys alleges that Martinez, Jr. was operating the tractor trailer as an agent and/or servant of Martinez, Sr. or that Martinez, Sr. negligently entrusted Martinez, Jr. with the vehicle.
The court, Rush J., denied an earlier motion for summary judgment on October 20, 1994 in this action based upon the presumption created by General Statutes § 52-183 that an operator of a motor vehicle is an agent of the owner. SeeBogart v. Tucker, 164 Conn. 277, 281-83, 320 A.2d 803 (1973).
The plaintiff filed a second motion for summary judgment and a memorandum of law in support of its motion on December 13, 1994. It supplemented the exhibits attached to the earlier motion with admissions by the Martinezes verifying that Martinez, Jr. did not have permission to operate the vehicle and that Martinez, Jr. was not in the employ or acting on any business that would benefit Martinez, Sr.
On December 20, 1994, the Stacy defendants objected to the motion for summary judgment on the ground that all interested parties were not included in the declaratory judgment action. Their underinsured motorist carrier, American Economy Insurance Co. is a party who may be responsible to compensate the Stacys should the plaintiff be found not liable for indemnification. They contend that since this interested party has not been made a party to the action, the court must deny the plaintiff's motion for summary judgment.
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial."Orenstein v. Old Buckingham Corp., 205 Conn. 572, 574,534 A.2d 1172 (1987). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "Pursuant to Practice Book § 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). CT Page 701
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v.Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
The court may address the merits of a declaratory judgment action upon a motion for summary judgment. See United Oil Co.v. Urban Redevelopment Comm. of Stamford, 158 Conn. 364,290 A.2d 596 (1969). "The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29 and Practice Book § 390, is to secure an adjudication of rights where there is a substantial question in dispute or substantial uncertainty oflegal relations between parties." (Citations omitted; emphasis in original; internal quotation marks omitted.) Wilson v.Kelley, 224 Conn. 110, 115, 611 A.2d 435 (1992).
"Practice Book § 390 provides in pertinent part: `The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.'" L G Associates. Inc. v.Zoning Board of Appeals, 31 Conn. App. 12, 13, 623 A.2d 494
(1993). The supreme court has "required strict adherence to this rule and [has] held that failure to comply with it is fatal to the court's jurisdiction." Kolenberg v. Board of Education,206 Conn. 113, 124, 536 A.2d 577 (1988). "This rule is not merely a procedural regulation. It is in recognition and implementation of the basic principle that due process of law requires that the rights of no man shall be judicially determined without affording him a day in court and an opportunity to be heard. . . ." (Citations omitted; internal quotation marks omitted.) Id.
A genuine issue of material fact exists as to whether American Economy Insurance Co. has an interest in the outcome of the declaratory judgment. The declaratory judgment action seeks to determine if Martinez Sr.'s insurance policy with the plaintiff covers the underlying claim by the Stacys. As the Stacys' uninsured motorist carrier, American Economy Insurance Co. would incur liability should the court find that the plaintiff is entitled to judgment.
Moreover, the plaintiff has not introduced any evidence CT Page 702 that American Economy Insurance Co. received notice of the declaratory judgment action. The burden of proving that there is no genuine dispute as to material facts in this motion for summary judgment rests upon the plaintiff, and such proof is lacking. The court, accordingly denies the plaintiff's motion for summary judgment.
MAIOCCO, J.