[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #111
FACTS
The plaintiff, Edward F. Gebelein, Jr., commenced the present action against the defendants, City of Torrington, Delia Donne, and Francis Cardello. The plaintiff's complaint sets forth four (4) counts against the defendants including that (1) the defendants acted in violation of the procedural requirements of General Statutes § 47a-58 (a) and that these actions constitute a taking of the plaintiff's property without due CT Page 6471 process and without compensation thereby denying him his rights as guaranteed by both the Constitution of the United States and the State of Connecticut (First Count); the conduct of the defendants was arbitrary and capricious (Second Count); (3) the defendants order to restore the building to a liveable condition or raze it is not authorized by statute (Third and Fourth Count). The plaintiff claims money damages, an injunction preventing the defendant town from causing the plaintiff's building to be demolished without a court order authorizing same and punitive damages.
All of these counts are predicated on, and directed against the decision of the code enforcement officials in September, 1992 to vacate the tenants living in a two family home at 139 Wall Street in Torrington, Connecticut, owned by the plaintiff, and to condemn the building. The defendant filed a motion for summary judgment on the grounds that (1) because the plaintiff has failed to exhaust his administrative remedies the court lacks subject matter jurisdiction; and (2) the defendants' are immune from liability under General Statutes § 52-557n(b) and the Building Officials Code Administrators International and the Nation Building Code (BOCA). In support of the motion for summary judgment the defendants filed copies of the September 14, 1992 complaint of Ellen Hackett, a former tenant, that was filed with the City of Torrington on said date (Exhibit A); the September 14, 1992 report of Deputy Fire Marshall Bill Baldwin which lists 11 code violations that were found upon inspection of the building (Exhibit B); memo of defendant Cardello, Building Official, dated September 16, 1992, indicating that he and Tom Regan (Electrical Inspector) inspected the building on September 14, 1992, at the request of Deputy Fire Marshall Bill Baldwin and found that the house was structurally sound but the front and side porches needed repairs, lighting fixtures were broken or missing and that the main violations were health and fire (Exhibit C). Mr. Cardello's memo of September 16, 1992 also indicates that an attempt was made to contact Mr. Gebelein prior to "posting the building" and the building was ultimately posted "UNFIT FOR HUMAN OCCUPANCY, UTILITIES REMOVED AND THE BUILDING BOARDED UP." (Exhibit C). Several newspaper articles involving the closing and cleanup of the building were submitted as exhibits. (Exhibits D, E and H). Other exhibits included a copy of the letter dated March 15, 1993, sent by the plaintiff to Frank Vitalo, City Clerk for the City of Torrington, putting the City on notice of the plaintiff's intent to file a lawsuit (Exhibit F); a copy of a letter dated August 11, 1994 sent to Mr. CT Page 6472 Gebelein by defendant Cardello stating that the Fire Marshall Ronald Corey, Robert Smith of Torrington Area Health, the Police Department and Building Department Personnel conducted an inspection of the subject property revealing that fact that no repairs were made to the building since the September 1992 posting of the building as unfit. (Exhibit G). This letter also states that the inspection revealed that the ground was covered with garbage and littered with cans and bottles, the front porch was ready to collapse and a finding that the building was a hazard to the surrounding buildings. (Id.). Mr. Gebelein was ordered to contact Mr. Cardello immediately regarding what action Mr. Gebelein intended to take regarding the building. Mr. Gebelein was also told that failure to respond within seven days would result in the City taking action to raze the building. (Id.) A second notice was sent to Mr. Gebelein on August 24, 1994 outlining the exact information as contained in the August 11, 1994 letter but this time indicating that Mr. Gebelein had only 24 hours to respond. (Exhibit I). The remainder of the exhibits, K through Q, were certified copies of deposition transcript from the deposition of Mr. Gebelein. The defendants submitted a memorandum of law in support of their motion for summary judgment.
The plaintiff, pro se, submitted an objection to the motion for summary judgment claiming that General Statutes § 4-183
is a subsection of Title 4 which only applies to State Agencies and because the defendants are a municipality and its officers, the need to exhaust administrative remedies is not applicable. Additionally, the plaintiff claims that General Statutes52-557n(b) does not apply because "City officials cannot be considered to be acting within the scope of their employment or official duties when their actions violate the law as outlined in the complaint." (Objection to Motion for Summary Judgment.) The plaintiff did not submit any statutory or case law authority for his positions, nor did he submit affidavits or other documents in support of his objection to the motion for summary judgment.
The motion for summary judgment is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried." (Internal quotation marks omitted.) Kakadelis v.DeFabritis, 191 Conn. 276, 281, 464 A.2d 57 (1983). "[S]ummary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full dress trial." United OilCT Page 6473Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375,260 A.2d 596 (1969).
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 662 A.2d 1001 (1995). "In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507
(1994). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., supra, 235 Conn. 202.
The defendants seek summary judgment on the ground that the court lacks subject matter jurisdiction because the plaintiff has failed to exhaust administrative remedies. "`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" Ambroise v. William Raveis Real Estate, Inc., 226 Conn. 757,764-65, 682 A.2d 1303 (1993), quoting LeConche v. Ellingers,215 Conn. 701, 709, 579 A.2d 1 (1990). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . ." (Citations omitted.) In re JudicialInquiry No. 85-01, 221 Conn. 625, 629, 605 A.2d 545 (1992). "Moreover, whenever a court discovers it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." Id., 629. The Connecticut Supreme Court has "often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time."Daley v. Hartford, 215 Conn. 14, 27-28, 574 A.2d 194, cert. denied, 498 U.S. 982, 111 S.Ct. 513 (1990). CT Page 6474
The first two counts of the plaintiff's complaint allege that the defendants acted in violation of the procedural requirements of General Statutes § 47a-58 (a) and that these actions constitute a taking of the plaintiff's property without due process and without compensation thereby denying him his rights as guaranteed by both the Constitution of the United States and the State of Connecticut (First Count) and the conduct of the defendants was arbitrary and capricious (Second Count). The third and fourth counts allege that the defendants', Mr. Cardello and the City of Torrington, order to restore the building to a liveable condition or raze it is not authorized by statute (Third and Fourth Count).[1]
In their memorandum in support of the motion for summary judgment the defendants contend that the plaintiff failed to appeal the decisions of the code enforcement officials. Specifically the defendants contend that the plaintiff failed to timely appeal the determination that the plaintiff's building was uninhabitable and structurally unsound and thereby failed to exhaust his administrative remedies.
As this court has previously stated in Town of Thomaston v.Gebelein, Superior Court, judicial district of Litchfield, Docket No. 0060328 (Jun. 21, 1993, Pickett, J.), a "`statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" CitizensAgainst Pollution Northwest, Inc. v. Connecticut Siting Council,217 Conn. 143, 152, 584 A.2d 1183 (1991) (quoting ChestnutRealty, Inc. v. Comm'n on Human Rights Opportunities,201 Conn. 350, 514 A.2d 749 (1986)).
Moreover, if an "`adequate administrative remedy exists; it must be exhausted before the Superior Court will obtain jurisdiction to act in the manner. . . .'" (Citations omitted)Concerned Citizens of Sterling v. Town of Sterling,204 Conn. 551, 556, 529 A.2d 666 (1987). "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which the [reviewing] court will have the benefit of the agency's findings and conclusions." Id. at 557. Although a party is not required to pursue a "futile administrative remedy," "futility is more than a mere allegation that the administrative agency might not grant the relief requested." Id. at 559-60. The party must show that "the administrative remedy would be useless." Id.; Lopiano v.City of Stamford, 22 Conn. App. 591, 595, 577 A.2d 1135 (1990). CT Page 6475
The exhaustion doctrine applies where the party who has failed to appeal is now seeking injunctive relief. HousingAuthority of East Hartford v. Papandrea, 222 Conn. 414, 423-24,610 A.2d 637 (1992). "Even a claim that an administrative agency has exceeded it statutory authority or jurisdiction may be the subject of an administrative appeal." Id. Furthermore, the mere raising of a constitutional challenge to the agency's action will not warrant direct adjudication of those claims where the relief sought by the applicant could have been obtained through the alternate statutory appeals process which the litigant chose to ignore. Pet v. Department of Health Services, 207 Conn. 346, 354,542 A.2d 672 (1988).
General Statutes § 19a-229 provides that: "Any person aggrieved by an order issued by a town, city or borough director of health may, within forty-eight hours after the making of such order, appeal to the commissioner of public health, who shall thereupon immediately notify the authority from whose order the appeal was taken, and examine into the merits of such case, and may vacate, modify or affirm such order." General Statutes §19a-229; see also § 47a-52 (f).
The statutes similarly provide that any person aggrieved by a decision of the local building official may appeal in writing to the local municipal board of appeals, or if none exists, to the chief executive officer of the municipality (i.e., the First Selectman) who must appoint a board within five days or if not, then to the statewide Codes and Standards Committee. General Statutes § 29-266 (c); Conn. Bldg. Code Supp., 124.1, et seq.
In the case at bar, it is undisputed that the plaintiff failed to appeal the merits of the code enforcement officials' decisions in the time allowed by law. The plaintiff's statutory right to appeal afforded him the due process rights which he now claims were violated. The plaintiff's claim for an injunction to prevent the town from causing the building to be demolished does not excuse his failure to exhaust his administrative remedies.
Because the court lacks subject matter jurisdiction over this matter, it will not discuss the immunity arguments which were raised as alternative claims by the defendants' motion for summary judgment. For the foregoing reasons, the defendants' motion for summary judgment is granted. CT Page 6476
PICKETT, J.