CHERIE LEE CARRIER *v.* KELLY M. KING
(AC 28422)

McLachlan, Harper and Lavine, Js.

Argued November 16, 2007—officially released January 22, 2008

*Cherie Lee Carrier,* pro se, the plaintiff (appellant).

*Opinion*

PER CURIAM. The visitation application giving rise to this appeal arose out of tragic circumstances. The plaintiff, Cherie Lee Carrier, seeks visitation with the child of her deceased nephew. The defendant, Kelly M. King, is the biological mother of the child, Devon David James Carrier, who was born on September 17, 2004. The plaintiff's application was filed on the court supplied form in which she had checked the box alleging that she had a parent-like relationship with the child and that denial of visitation would cause real and significant harm to the child. The court made no finding as to the existence of a parent-like relationship between the plaintiff and the child, but it denied relief, stating that "[a]bsent proof or evidence of any significant harm to

the child, then the court has no other option at this time but to dismiss and deny" the application. This appeal followed.

On appeal, the pro se plaintiff claims that the court (1) should have recused itself because of its familiarity with the child's deceased father and (2) did not give due consideration to her claims.

As to the first claim, which is that the court should have recused itself, we have reviewed the record carefully and conclude that the plaintiff did not raise the issue of disqualification with the court, nor was there anything in the record from which the court could have inferred that it would be inappropriate for it to adjudicate the case. "Absent plain error, issues raised for the first time on appeal will not be reviewed." *Lopiano* v. *Stamford*, 22 Conn. App. 591, 594, 577 A.2d 1135 (1990).

As to the second claim, although our statutory scheme does provide for visitation by third persons,[1] the right of third parties to seek such visitation is limited by the rights of fit parents to raise their children free from interference. *Troxel* v. *Granville*, 530 U.S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000); *Roth* v. *Weston*, 259 Conn. 202, 222, 789 A.2d 431 (2002). In *Roth*, our

[1] General Statutes § 46b-59 provides: "The Superior Court may grant the right of visitation with respect to any minor child or children to any person, upon an application of such person. Such order shall be according to the court's best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable, provided the grant of such visitation rights shall not be contingent upon any order of financial support by the court. In making, modifying or terminating such an order, the court shall be guided by the best interest of the child, giving consideration to the wishes of such child if he is of sufficient age and capable of forming an intelligent opinion. Visitation rights granted in accordance with this section shall not be deemed to have created parental rights in the person or persons to whom such visitation rights are granted. The grant of such visitation rights shall not prevent any court of competent jurisdiction from thereafter acting upon the custody of such child, the parental rights with respect to such child or the adoption of such child and any such court may include in its decree an order terminating such visitation rights."

Supreme Court stated that the issue was not whether a child should have the benefit of relationships with persons other than their parents, but whether there was sufficient reason for the state to interfere with the constitutional right of parents to raise their children free from state interference. *Roth* v. *Weston*, supra, 223. The Supreme Court held that "[t]he petition [for visitation] must . . . contain specific, good faith allegations that denial of the visitation will cause real and significant harm to the child. . . . [T]he petitioner must prove these allegations by clear and convincing evidence. Only if that enhanced burden of persuasion has been met may the court enter an order of visitation." Id., 234–35.[2] Because the plaintiff offered no evidence of significant harm to the child, the trial court properly denied the application.

The judgment is affirmed.

[2] We note that our Supreme Court recently decided that the fair preponderance standard applies in custody disputes between parents and third parties but left undisturbed the enhanced burden in visitation disputes. See *Fish* v. *Fish*, 285 Conn. 24, 66–67, 939 A.2d 1040 (2008).