STATE EX REL. FRANK L. BARLOW v.
FRED R. ZELLER, COMPTROLLER

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 81787

Memorandum filed January 18, 1949.

*Samuel Reich*, of Bridgeport, for the Plaintiff.

*William L. Hadden*, Attorney General, *Bernard Kosicki* and *Jack Rubin*, Assistant Attorneys General, of Hartford, for the Defendant.

MURPHY, J. On May 21, 1947, the plaintiff was an employee of the state of Connecticut in the classified service and as such was entitled to the benefits of the Merit System Act. On that day he resigned his position under what he claims was "coercion and duress." He seeks reinstatement to his employment and an order for compensation.

The defendant in his motion to quash holds that the plaintiff is not entitled to mandamus as he resigned his position and, further, that as an employee in the classified service he is restricted in his quest for relief to an appeal to the personnel appeal board. The second claim will be discussed first.

Section 427g of the 1943 Supplement to the General Statutes provides that "Any person holding a position in the classified service who shall be demoted, suspended, fined or dismissed, may appeal to the personnel appeal board." One who resigns a position in the classified service may withdraw his resignation within one year if he was in good standing at the time and the resignation was with the consent of the appointing authority. He may be restored to his position or have his name placed upon the reemployment list. Sup. 1945, § 472h. No other provision is made for the return to work of one who resigns.

A resignation cannot be termed a demotion, suspension or fine. A resignation may achieve the same result (separation from service) as a dismissal but the words are hardly synonymous. A dismissal calls for action by the appointing authority. A resignation connotes voluntary relinquishment of position by the employee. The amended alternative writ does not allege such a situation as would bring the plaintiff within the classes enumerated in § 427g and he therefore had no right to appeal to the personnel appeal board.

Can the plaintiff seek reinstatement to his position by mandamus? In determining this motion, the court is not passing upon the merit of the plaintiff's contentions. It is only concerned with deciding whether he is entitled to a hearing upon the question of issuance of a peremptory writ.

An institutional employee under civil service whose resignation is obtained by coercion and duress is entitled to mandamus in his effort for reinstatement. Kidd v. Civil Service Com. 13 Cal. App. 2d 653, 655. A resignation submitted as the alternative to charges being preferred is not of own free will and may be repudiated at any time. People v. Harding, 224 Ill. App. 198, 204. A written resignation obtained by coercion, if not void, is at least voidable and may be repudiated. State ex rel. Young v. Ladeen, 104 Minn. 252, 255. A civil service employee who is wrongfully persuaded to tender his resignation is entitled to reinstatement and the right may be enforced by mandamus. Williams v. State ex rel. Gribben, 127 Ohio St. 398, 400. Mandamus is the proper remedy to restore a party to office from which he has been illgally removed. State ex rel. Tracy v. Henry, 217 Wis. 46, 47; Toledo v. Osborn, 23 Ohio App. 62, 66; People ex rel. Kenison v. White, 220 App. Div. (N. Y.) 347, 351.

The motion to quash the amended alternative writ is overruled.