KEVIN GEMMELL *v.* CITY OF NEW HAVEN ET AL.
(11594)

DALY, FOTI and FREEDMAN, Js.

Argued May 11—decision released August 3, 1993

*William B. Barnes,* for the appellant (plaintiff).

*Linsley J. Barbato,* assistant corporation counsel, for the appellees (defendants).

DALY, J. The plaintiff unsuccessfully appealed to the trial court challenging the New Haven board of fire commissioners' decision to terminate him from his position in the New Haven fire department.[1] The plaintiff now appeals from the trial court's order dismissing his appeal for lack of subject matter jurisdiction after find-

---

[1] The defendants in this matter are the city of New Haven and the New Haven board of fire commissioners.

ing that he failed to exhaust his administrative remedies.[2] We affirm the judgment of the trial court.

The trial court found the following facts, which are not disputed. On January 11, 1986, and February 8, 1986, the plaintiff took the civil service examination for the position of firefighter III. He passed the examination and was placed on the eligible list.[3] On February 3, 1987, the plaintiff was selected from the civil service list and was assigned to attend a ten week training session at the fire fighters' training academy. On March 27, 1987, the plaintiff injured his ankle during a training class and was therefore unable to complete the session. In June, 1987, the plaintiff underwent surgery to his ankle and his physician concluded that he would be able to attend the fire fighters' training course commencing in March, 1988. The board permitted the plaintiff to remain on light duty at the academy until new assignments would be made to a training session.

On February 2, 1988, the board decided to allow the plaintiff to participate in the March training course and extended his probationary period to one year from the commencement of the training class. The plaintiff attended the March training course until he was injured again on April 4, 1988, and his physician determined that he was physically unfit to continue training. After undergoing surgery that summer, the plaintiff was eventually determined to be fit to return to light duty beginning November 7, 1988.

---

[2] Practice Book § 143 provides in pertinent part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record. . . ."

[3] The civil service rules and regulations for the city of New Haven defines "eligible list" as "[a]n employment list established by open competitive examination."

At the January 23, 1989 meeting of the board, the chief of the fire department stated that due to shrinking financial resources, light duty would no longer be available. The chief pointed out that the plaintiff was not a sworn member of the fire department but an employee at will. It was under these circumstances that the board terminated the plaintiff's assignment to the training academy and notified the plaintiff of its decision.

The plaintiff appealed from the board's decision pursuant to § 117 of the New Haven charter, which provides: "Any officer or employee aggrieved by the action of said board may make application to any judge of a court of competent jurisdiction within and for New Haven county in the nature of an appeal from such order of the board of commissioners." In his complaint, the plaintiff alleged that he was a New Haven fire fighter and that the board improperly "terminated [him] as an employee."

The plaintiff asserted at trial that he was a permanent employee of the New Haven fire department, that he possessed a property right to his job, and that the board illegally terminated him. Conversely, the defendants maintained that the plaintiff was not a permanent employee, and, were he a permanent employee, his failure to exhaust his administrative remedies under the collective bargaining agreement between New Haven and the fire fighters' union deprived the trial court of subject matter jurisdiction.[4] The trial court found that the plaintiff was a member of the fire fighters' union at the time of his termination, had paid union dues, was on the union roster, held a union card, and had recourse

---

[4] Two contracts between the International Association of Firefighters, AFL-CIO, and New Haven are involved in this case. The first governs the period from July 1, 1984, to June 30, 1987, while the second governs the period from July 1, 1987, to June 30, 1991. It is the latter that pertains to this dispute.

to the grievance procedures for probationary employees as set forth in the contract between the city and the union. The trial court further explained that because the plaintiff did not first exhaust his administrative remedies under the grievance procedures in the contract, the appeal had to be dismissed for lack of subject matter jurisdiction. This appeal ensued.

Whether the plaintiff was a probationary or permanent employee working as a fire fighter, who was wrongfully terminated, the trial court lacked subject matter jurisdiction to hear his appeal. A party may not institute an action in the Superior Court without first exhausting available administrative remedies. *Hyatt* v. *Milford,* 26 Conn. App. 194, 197, 600 A.2d 5 (1991), appeal dismissed, 224 Conn. 441, 619 A.2d 450 (1993); *Lopiano* v. *Stamford,* 22 Conn. App. 591, 594–95, 577 A.2d 1135 (1990). If the applicable administrative remedies are not exhausted, the trial court does not have subject matter jurisdiction over the matter. *Trigila* v. *Hartford,* 217 Conn. 490, 493–94, 586 A.2d 605 (1991); *Hyatt* v. *Milford,* supra. The doctrine of exhaustion discourages piecemeal appeals from the decisions of administrative agencies thus "fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." *Concerned Citizens of Sterling* v. *Sterling,* 204 Conn. 551, 557, 529 A.2d 666 (1987). Thus, the plaintiff was obliged to invoke the grievance procedures set forth in the collective bargaining agreement. His failure to do so deprived the trial court of subject matter jurisdiction over the appeal.

"Unions and their employers have broad contractual authority to provide administrative remedies for disputes arising out of the employment relationship. That authority encompasses issues of law as well as of fact. . . . Before pursuing even alleged violations of state statutory procedures and of constitutional rights

to due process and equal protection, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court." (Citations omitted; internal quotation marks omitted.) *Trigila* v. *Hartford,* supra, 494–95; *Concerned Citizens of Sterling* v. *Sterling,* supra, 556. The grievance procedure was not pursued.

Article VI, § 6.1, of the collective bargaining agreement provides: "In the event that any dispute arises between the City and the Union or any employee concerning the interpretation or application of any of the provisions of this agreement or concerning wages, hours, and conditions of employment which are provided for in this Agreement or in any statute, charter provision, ordinance regulation or policy, or concerning any matter or condition arising out of the employer-employee relationship, such difference or dispute shall be deemed a grievance and shall be settled in accordance with the process set forth herein."

Assuming that the plaintiff achieved the status of a probationary employee or even a permanent employee, we conclude that his dispute would fall within § 24.1 of the collective bargaining agreement[5] which states: "During the probationary period of any employee, the Board of Fire Commissioners may terminate the employment of such employee if, during this period upon observation and consideration of his performance of duty and adherence to the Rules and Regulations of the Department of Fire Service, they shall deem him unfit for such appointment. Nothing contained herein shall be used to deny any employee of any rights or any benefits to which he may be entitled under this Agreement or under the pension provisions of the City Char-

---

[5] We refer in this case to the agreement effective July 1, 1987, because the termination occurred in 1988.

ter concerning employees of the Fire Department, except that *probationary employees shall have recourse to the grievance procedures* under Article VI up through and including Step III of the Grievance Procedure." (Emphasis added.)[6]

The first step of the process provides for a letter of grievance to the chief of the fire department to be followed by a meeting with the grievant and the union representative and the chief or a designated representative. If the grievant is not satisfied, a written grievance may be filed with the board, which will meet with the grievant and the union to attempt to resolve the dispute. The third step provides that the grievant and union representative may meet with the director of labor relations, after presenting a written grievance and meeting with the director or a designated representative. None of these procedures was undertaken. The fourth step, arbitration, applies only to permanent employees.

The plaintiff argues that the grievance procedures were not available to him because his appeal to the trial court was grounded in a dispute relating to his initial appointment under General Statutes § 7-474 (g).[7] Sec-

---

[6] Under the agreement effective July 1, 1984, through June 30, 1987, grievance procedures were not available to probationary employees: "Nothing contained herein shall be used to deny any employee of any rights or any benefits to which he may be entitled under this Agreement or under the pension provisions of the City Charter covering employees of the Fire Department, except that probationary employees shall not have recourse under Article 6, Grievance Procedure."

[7] General Statutes § 7-474 (g) provides: "Nothing herein shall diminish the authority and power of any municipal civil service commission, personnel board, personnel agency or its agents established by statute, charter or special act to conduct and grade merit examinations and to rate candidates in the order of their relative excellence from which appointments or promotions may be made to positions in the competitive division of the classified service of the municipal employer served by such civil service commission or personnel board. The conduct and the grading of merit examinations, the rating of candidates and the establishment of lists from such

tion 7-474 (g) excludes initial appointments from collective bargaining. According to the plaintiff, because this matter involves his initial appointment, the collective bargaining agreement cannot apply to this case. In essence, the plaintiff argues that because he was terminated from the position to which he was initially appointed, the grievance procedures set forth in the collective bargaining agreement were not available to him pursuant to § 7-474 (g). Consequently, the plaintiff asserts that because the grievance procedures were not available to him, he did not fail to exhaust all applicable administrative remedies, and the trial court possessed subject matter jurisdiction. We disagree.

Section 7-474 (g) applies to the process of making initial appointments and promotions.[8] It does not preclude collective bargaining agreements from addressing

---

examinations and the initial appointments from such lists and any provision of any municipal charter concerning political activity of municipal employees shall not be subject to collective bargaining, provided once the procedures for the promotional process have been established by the municipality, any changes to the process proposed by the municipality concerning the following issues shall be subject to collective bargaining: (1) The necessary qualifications for taking a promotional examination; (2) the relative weight to be attached to each method of examination; and (3) the use and determination of monitors for written, oral and performance examinations. In no event shall the content of any promotional examination be subject to collective bargaining."

[8] As originally enacted; Public Acts 1965, No. 159, § 8; General Statutes (Rev. to 1966) § 7-474 (g) provided in pertinent part: "The conduct and the grading of merit examinations, the rating of candidates and the establishment of lists from such examinations and the appointments from such lists and any provision of any municipal charter concerning political activity of municipal employees shall not be subject to collective bargaining."

Before 1982, § 7-474 (g) did not exclude only "initial appointments" from collective bargaining. It excluded "appointments." In 1982, subsection (g) was amended to ensure that promotional examinations were fairly conducted. Public Acts 1982, No. 82-212, § 1; 25 H.R. Proc., Pt. 10, 1982 Sess., pp. 3082–83, 3334, 3342; 25 S. Proc., Pt. 9, 1982 Sess., pp. 2758–59, 2763–64. The word "initial" was inserted before the word "appointment" to remove any doubt that the amendment applied only to promotions and not to persons employed by the municipality for the first time. 25 H.R. Proc., Pt. 10., 1982 Sess., p. 3338.

proper grievance procedures for those terminated from their appointments. The cases relied on by the plaintiff do not involve the propriety of a termination, but initial appointments or promotions. See *Riley* v. *Bridgeport,* 22 Conn. App. 402, 577 A.2d 1099 (1990) (mandamus action by municipal clerk to force city to make her a permanent employee without having to take a civil service examination); *D'Agnostino* v. *New Britain,* 7 Conn. App. 105, 507 A.2d 1042, cert. denied, 200 Conn. 806, 512 A.2d 229 (1986) (mandamus action by three fire fighters to force city to promote them).

The plaintiff instituted an appeal to the trial court alleging that he was improperly terminated as a fire fighter. Thus, the present dispute involves the plaintiff's termination, not his initial appointment. The plaintiff does not assert and did not allege before the trial court that the process by which he was appointed was improper in any manner. Rather, he alleged that his termination was illegal in that "the process by which it was accomplished was arbitrary, capricious, wrongful, contrary to statute, regulations and contract and deprived plaintiff of his right to due process of law and the equal protection of the laws."

Therefore, steps I through III of the grievance process set forth in the collective bargaining agreement were available to the plaintiff. By not invoking these remedies before bringing an action before the trial court, the plaintiff failed to exhaust his available administrative remedies. The plaintiff's failure deprived the trial court of subject matter jurisdiction.

We note that even if the trial court had possessed subject matter jurisdiction, the plaintiff would not have prevailed. In his complaint, the plaintiff alleged that he was a New Haven fire fighter. It was his burden of proof to establish this allegation, and he failed to do this. *Szachon* v. *Windsor,* 29 Conn. App. 791, 797, 618

A.2d 74 (1992); *Janow* v. *Ansonia,* 11 Conn. App. 1, 8, 525 A.2d 966 (1987). The trial court did not find that he was a fire fighter, but merely a probationary employee. According to the collective bargaining agreement executed by the fire fighters' union and the city of New Haven, the term "employee" includes "any member of the Department of Fire Service with certain exceptions." Article I, § 1.1. This definition does not indicate that the word "employee" refers specifically to one who works for the department of fire service as a fire fighter.[9] The New Haven civil service commission rules and regulations define "permanent employee" as "an employee who has successfully completed his probationary period and has been permanently appointed to a position in the classified service by the Appointing Authority and approved by the Board of Finance." Also, a probationary employee "is an employee who has not completed his trial service period." Civil Service Rules and Regulations of the City of New Haven § 18.

Article XXIV, § 24.1, of the collective bargaining agreement provides: "To enable the Board of Fire Commissioners to exercise sound discretion in the filling of positions within the Fire Department, no appointment to the position of Firefighter in the Fire Department shall be deemed final and permanent until after the expiration of a period of twelve (12) months probationary service. During the probationary period of any employee, the Board of Fire Commissioners may terminate the employment of such employee if, during this period upon observation and consideration of his performance of duty, they shall deem him unfit for such appointment."

---

[9] Indeed, Article I, § 1.1, states: "The City hereby recognizes the Union as the sole and exclusive bargaining agent for all the uniformed and investigatory positions within the Department of Fire Service, *including non-uniformed personnel presently assigned to the building maintenance and apparatus maintenance* . . . ." (Emphasis added.)

There was no evidence demonstrating that the plaintiff had ever been sworn in as a fire fighter or that he had successfully completed his period of probation. Thus, the plaintiff failed to sustain his burden of proving that he was a fire fighter, and for this reason his appeal to the trial court must fail.

The judgment is affirmed.

In this opinion the other judges concurred.