[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4468
FACTS
On November 4, 1994, plaintiffs BD Associates, a Connecticut partnership, and its partners, Richard E. Blodgett, Jr. and William H. Douglas, ("BD") filed a motion seeking a declaratory judgment on the applicability of General Statutes § 20-302 to a matter that was before the defendant Board of Examiners for Professional Engineers and Land Surveyors. ("Board").[1]
The genesis of BD's motion for declaratory judgment stems from an administrative complaint filed against BD by the Board on April 18, 1994. The administrative complaint alleges that BD's partners engaged in the profession of land surveying without a license in violation of General Statutes § 20-302. The Board also seeks an order of discontinuance pursuant to General Statutes § 21a-7(2).
On May 8, 1994 and August 30, 1994, BD petitioned the Board for a declaratory ruling as to the applicability of General Statutes § 20-302 to the facts as alleged in the administrative complaint. According to BD's motion for declaratory judgment, the Board sent BD a letter dated September 29, 1994 denying BD's request for a declaratory judgment and notified BD that the Board preferred to consider BD's motion at the same time that it hears the underlying administrative complaint.
Thereafter, BD filed a motion for declaratory judgment with this court. On January 5, 1995, the Board filed a motion to dismiss on the ground that BD has failed to exhaust its administrative remedies.
In response, BD alleges it has properly exhausted its administrative remedies, and therefore claims that the Board's motion should be denied.
Both parties have filed briefs in support of their respective positions.
DISCUSSION
CT Page 4469
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted; emphasis in original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Housing Authority v. Papandrea, 222 Conn. 414,420, 610 A.2d 637 (1992). "Because the exhaustion doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the plaintiff's claim." Concerned Citizens ofSterling v. Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987).
General Statutes § 4-175 (a), entitled "Declaratory judgment action to determine validity or application or order" states:
 [i]f a provision of the general statutes . . . or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff and if an agency (1) does not take an action required by subdivisions (1), (2) or (3) of subsection (e) of section 4-176, within sixty days of the filing of a petition for a declaratory ruling, (2) decides not to issue a declaratory ruling under subdivision (4) or (5) of subsection (e) of said section 4-176. . . the petitioner may seek in the superior court a declaratory judgment as to the validity of the regulation in question or the applicability of the provision of the general statutes . . . to specified circumstances.[2]
General Statutes § 4-176(e) states in part that:
 Within sixty days after receipt of a petition for a declaratory ruling, an agency in writing shall: (1) Issue a ruling declaring the validity of a CT Page 4470 regulation or the applicability of the provision of the general statutes . . . (2) order the matter set for specified proceedings . . . or (5) decide not to issue a declaratory ruling, stating the reasons for its action.
BD bases its entire opposition to the Board's motion to dismiss on General Statutes § 4-176(e)(5). BD claims that the Board refused to issue an declaratory judgment. Therefore, BD seeks relief in this court under General Statutes § 4-175.
According to BD's own motion for declaratory judgment, however, it received notification from the Board stating that "it [the Board] prefers to consider the matter raised at the time of the formal administrative hearing rather than in the form of the declaratory ruling." (BD's complaint for declaratory relief, paragraph 4).
Far from deciding not to issue a declaratory ruling under General Statutes § 4-176(e)(5), the Board's action really constitutes a proper election under General Statutes § 4-176(e)(2). In particular, the Board ordered that BD's complaint for declaratory relief be heard and decided when it holds the administrative hearing on the underlying complaint.
"It is a well-established and sound principal of law that, when an administrative remedy is provided by law, that remedy must be exhausted before resort can be had to the courts." Beck v. Board of Education, 32 Conn. Sup. 153, 155
(1975).
BD made its declaratory request at the agency level, and the Board agreed to hear the matter as part of the formal administrative hearing. BD must follow through, and exhaust all administrative remedies available to it before it can resort to this court for relief. "If the applicable administrative remedies are not exhausted, the trial court does not have subject matter jurisdiction over the matter."Gemmell v. New Haven, 32 Conn. App. 280, 283, 628 A.2d 1331 (1993).
Therefore, the court finds that it lacks subject matter jurisdiction over BD's complaint for declaratory judgment, and grants the Board's motion to dismiss on the ground that BD has not exhausted its administrative remedies. CT Page 4471
CONCLUSION
For the above states reasons, the Board's motion to dismiss is hereby granted.
Hurley, J.