[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thomas J. Galotti, filed a one court mandamus complaint against the defendants, City of Stamford (Stamford) and Dr. Andrew D. McBride. The facts as alleged in the plaintiff's complaint are as follows. The plaintiff was employed as a sanitarian for the Department of Health of Stamford. While undergoing a disciplinary hearing in November, 1994, conducted by McBride, Director of Health and Medical Advisor for the Department of Health, the plaintiff or his counsel stated that the plaintiff would resign his employment effective May 3, 1995. On February 8, 1995, the plaintiff withdrew his resignation. The disciplinary hearing was continued, and McBride issued a decision that the recision of the resignation was not accepted, and that the plaintiff's last day of employment was May 3, 1995. The plaintiff alleges that he has a right to repudiate his resignation, and he now seeks a writ of mandamus restoring him to his position.
The defendants have filed a motion to dismiss (#104) on the ground that the plaintiff has failed to exhaust his administrative remedies. "A motion to dismiss . . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacciv. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). Practice Book § 143 provides in part that "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong."Tolly v. Department of Human Resources, 225 Conn. 13, 29,621 A.2d 719 (1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that CT Page 7922 power." State v. Malkowski, 189 Conn. 101, 105-06, 454 A.2d 275
(1983).
The defendants contend that the issue of whether the plaintiff could withdraw his resignation is redressable under the collective bargaining agreement, and therefore, the plaintiff has failed to exhaust his administrative remedies. The plaintiff argues that exhaustion of administrative remedies is inapplicable because the issue of whether the plaintiff is entitled to withdraw his resignation is a "question of pure law."
"It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiff's union . . . Failure to exhaust the grievance procedures deprives the court of subject matter jurisdiction." (Citations omitted; internal quotation marks omitted.) Labbe v. Pension Commission, 229 Conn. 801, 811,643 A.2d 1268 (1994). Nevertheless, the Supreme Court has "grudgingly carved several exceptions to the exhaustion doctrine . . . including one where the administrative remedy is inadequate or futile." (Internal quotation marks omitted.) Id., 812.
The plaintiff maintains that, under the authority of Sharkeyv. City of Stamford, 196 Conn. 253, 257, 492 A.2d 171 (1985), the doctrine of exhaustion does not apply when the controversy turns on a "question of pure law." The plaintiff further argues that this case presents a "question of pure law" because "[a]n institutional employee under civil service whose resignation is obtained by coercion and duress is entitled to mandamus in his effort for reinstatement . . . . A resignation submitted as the alternative to charges being preferred is not of [one's] own free will and may be repudiated at any time . . . . A written resignation obtained by coercion, if not void is at least voidable and may be repudiated . . . . A civil service employee who is wrongfully persuaded to tender his resignation is entitled to reinstatement and the right may be enforced by mandamus . . . . Mandamus is the proper remedy to restore a party to office from which he has been illgally (sic) removed." (Citations omitted.) State Ex. Rel. Barlow v. Zeller,16 Conn. Sup. 109, 110 (Super.Ct. 1949).
However, "[u]nions and their employees have broad contractual authority to provide administrative remedies for disputes arising out of the employment relationship. That authority encompasses CT Page 7923 issues of law as well as of fact . . . . Before pursuing even alleged violations of state statutory procedures and of constitutional rights to due process and equal protection, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court." Gemmell v. New Haven,32 Conn. App. 280, 283, 628 A.2d 1331 (1993). Moreover, the Supreme Court has determined that the doctrine of exhaustion of administrative remedies may not be bypassed merely by seeking a writ of mandamus. Sampietro v. Board of Fire Commissioners,200 Conn. 38, 43, 509 A.2d 28 (1986).
The plaintiff's complaint and the evidence submitted reveal that the plaintiff submitted his resignation in response to disciplinary proceedings. When the plaintiff repudiated that resignation, the disciplinary hearing was continued. After the conclusion of the hearing, on April 10, 1995, McBride issued a written decision that the plaintiff's recision of his resignation was not accepted. Although the plaintiff argues that the only issue at hand is whether the plaintiff may withdraw his resignation, and that that issue is a "question of pure law," the facts and complaint demonstrate that the resignation was submitted in response to disciplinary proceedings. Furthermore, the nonacceptance of the plaintiff's withdrawal of that resignation was the discipline imposed by McBride at the conclusion of the hearing. Article XIII(D)(2) of the Basic Collective Bargaining Agreement between Stamford and The Stamford Municipal Employees Association provides in part that [g]rievances resulting from discipline imposed after a disciplinary hearing may be appealed directly to Step 3 of the Dispute Resolutions Procedure." Step 3 allows for an appeal of the discipline imposed to the Director-Labor Relations for review. If not resolved at Step 3, the grievance may be submitted to binding arbitration before the State Board of Mediation and Arbitration. The plaintiff failed to avail himself of these administrative remedies. The plaintiff has failed to exhaust his administrative remedies, thus depriving the court of subject matter jurisdiction. Accordingly, the defendants' motion to dismiss is granted. CT Page 7924