[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, an employee of the City of Waterbury, claims that he was wrongfully dismissed pursuant to Civil Service Rules and Regulations for the City of Waterbury. (See Complaint, First Count, paragraphs 5, 7, 8 and 9) The plaintiff did not file a grievance in connection with this dismissal pursuant to Article XI of his collective bargaining agreement. Both parties quote in their briefs Article XI of the collective bargaining agreement which defines grievance as:
 Section 2. A grievance shall be defined as a dispute between the City and the Union or an employee and the City involving an alleged violation, misrepresentation or misapplication of a specific provision of this Agreement or of a written City rule or regulation or a condition affecting the employee's health or safety.
The City argues that the plaintiff must exhaust his administrative remedies before instituting this case in court.Gemmell v. City of New Haven, 32 Conn. App. 280, 283. The plaintiff argues that the plaintiff was not obligated to proceed in connection with the grievance procedure under the collective bargaining agreement since the dispute did not affect the employee's health or safety.
A grievance, as defined above, includes a dispute of a written City rule or regulation. This dispute, as framed by the plaintiff, was "a breach of its own Civil Service Rules and Regulations." CT Page 11169
The court does lack subject matter jurisdiction. The plaintiff must first exhaust his available administrative remedies. Supra, p. 283. The plaintiff has not filed a grievance and has not exhausted his administrative remedies. Therefore, the court grants the defendant's motion to dismiss.
/s/ Pellegrino, J. PELLEGRINO