[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#153)
On October 26, 1995, the plaintiffs, Jeffrey Mefferd and Michael Davis of the Middletown Police Department, filed eleven count amended complaints[1] against the defendants, the City of Middletown (City) and Chief George Aylward and Sergeant Frank Violissi of the Middletown Police Department, alleging a variety of common law violations in addition to civil rights violations arising under 42 U.S.C. § 1983 and the United States and Connecticut constitutions.
The plaintiffs allege the following facts in their, complaints.[2] The defendant Violissi allegedly made a variety of wrongful allegations regarding the plaintiffs which resulted in their investigation by the Internal Affairs Division of the department.[3] In addition, the defendant Aylward contacted the office of the State's Attorney to investigate the plaintiffs' alleged misconduct. Despite the seriousness of the charges against the plaintiffs, they allege the defendant Aylward failed to expedite the internal affairs investigations after requests from the plaintiffs, other Middletown police officers and union officials.
At an April 25, 1991 meeting regarding the internal affairs investigation, the plaintiffs were advised that the only administrative action being taken as a result would be a letter of counseling. Despite repeated requests by the plaintiffs, the defendant Aylward failed to provide them with copies of the statements which formed the basis for their investigation. On August 8, 1995, the defendant Aylward reopened the internal affairs investigation to prevent disclosure of the requested information under the "ongoing investigation" exception to the Freedom of Information Act.
After the investigation was reopened, the plaintiffs and union officials continued to request the disclosure of the statements which formed the basis for the investigation so that they could file a grievance. These requests were continually refused pursuant to the ongoing investigation exception. On June 16, 1993, the plaintiffs were advised that the internal affairs investigation was CT Page 12765 completed and that no additional administrative action was to be taken.[4]
Count one of the plaintiffs' complaints[5] allege that as a result of the intentional and harassing conduct of the defendants, the plaintiffs suffered emotional distress, damage to their reputations, invasions of privacy and diminished earning capacities.[6] In counts two and three, the plaintiffs allege due process violations of 42 U.S.C. § 1983 and the United States and Connecticut constitutions as a result of being denied the opportunity to be heard in their defense. Counts four, five and six allege intentional infliction of emotional distress, negligent infliction of emotional distress and interference with earning capacity, respectively. Count seven alleges that the defendant Aylward failed to properly train and supervise lower ranking Middletown police officers. Count eight alleges defamation against the defendant Violissi. Count nine alleges municipal liability against the City as a result of its ratification of or failure to correct the actions of the defendants Aylward and Violissi. Count ten alleges that the defendants Aylward and Violissi failed to adhere to the laws of the United States and the State of Connecticut in violation of 42 U.S.C. § 1983 and the United States and Connecticut constitutions. Count eleven simply alleges that the defendants Aylward and Violissi are entitled to indemnification from the City.
The plaintiffs seek compensatory and punitive damages, including costs and attorney's fees, and other such relief as law and equity may provide.
On August 28, 1995, the defendants filed a motion for summary judgment on all counts of the complaints on the ground that the actions are barred for failure to exhaust administrative remedies. The defendants filed supporting memoranda with attachments in support of their motion[7] and the plaintiffs timely filed memoranda with attachments in opposition.
Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, ___ A.2d ___ (1995), quoting Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Suarez v.CT Page 12766Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "The test of the requirement for the granting of a summary judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.)Sheridan v. Board of Education, 20 Conn. App. 231, 239,565 A.2d 878 (1989); see also Suarez v. Dickmont Plastics Corp., supra,229 Conn. 105.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) Home Ins.Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202. "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alteration in original; citation omitted; internal quotation marks omitted.) Id.
The defendants argue that the plaintiffs' claims are barred on the ground that they failed to exhaust the administrative remedies established in the collective bargaining agreement between the Middletown Police Department and the plaintiffs' union. The Connecticut Supreme Court "previously held that an employee's failure to exhaust the grievance and arbitration procedures available under a collective bargaining agreement deprived a court, of [subject matter] jurisdiction over a cause of action arising from the employment relationship. "[8] Genovese v. Gallo WineMerchants, Inc., 226 Conn. 475, 480, 628 A.2d 946 (1993), citingKolenberg v. Board of Education, 206 Conn. 113, 123, 536 A.2d 577, cert. denied, 487 U.S. 1236, 108 S.Ct. 2903, 101 L.Ed.2d 935
(1988). Shortly thereafter, however, the state legislature enacted General Statutes § 31-51bb, which provides:
 No employee shall be denied the right to pursue, in a court of competent jurisdiction, a cause of action arising under the state or federal constitution or under a state statute solely because the employee is covered by a collective bargaining agreement. Nothing in this section shall be construed to give an employee the right CT Page 12767 to pursue a cause of action in a court of competent jurisdiction for breach of any provision of a collective bargaining agreement or other claims dependent upon the provisions of a collective bargaining agreement.
Following this enactment, the Connecticut Supreme Court held that "[b]oth the language of § 31-51bb and the legislative history indicate that the legislature intended to overturn our decision inKolenberg v. Board of Education, supra, and thereby eliminate the requirement that a plaintiff who is subject to a collective bargaining agreement exhaust all grievance and arbitration procedures before pursuing any statutory remedies in the trial court. . . . Plainly, therefore, an employee who does not exhaust the grievance procedures established in a collective bargaining agreement may pursue a cause of action in the Superior Court if the cause of action is premised on an independent statutory claim." (Emphasis in original.) Genovese v. Gallo Wine Merchants, Inc.,
supra, 226 Conn. 481.
In opposition, the plaintiffs assert that they exhausted their administrative remedies and, thus, this Court possesses subject matter jurisdiction. In the alternative, the plaintiffs argue that General Statutes § 31-51bb permits their claims because they are premised on independent statutory rights independent of the collective bargaining agreement.
The Court first turns to the plaintiffs' argument that they exhausted their administrative remedies. None of the parties dispute that the procedure for handling disputes or grievances within the Middletown Police Department is governed by the collective bargaining agreement (Union Contract) between the department and the police union. Article 10, § 3 of the Union Contract provides in pertinent part:
Any dispute or grievance[9] shall be handled as follows:
 Step 1. The aggrieved employee, with or without his union representative, shall state, in writing, his case in the form of a statement of facts and claims, within 30 days of knowledge of the event or occurrence which is the subject of the grievance by either such employee or the union, to the Chief of Police, who will use his best efforts to settle the dispute and give his answer within seven [7] working days of receipt of such statement of facts. In the event such statement is not submitted to CT Page 12768 the Chief of Police within such period of time, such occurrence or event shall not be the subject of a grievance.
 Step 2. Within seven [7] working days after the issuance by the Chief of Police of his decision with respect to such grievance, should the grievance not be adjusted to the satisfaction of the alleged aggrieved, the employee and his union representative may submit the grievance in writing to the personnel director who will use his/her best efforts to settle the dispute and give his/her answer within fifteen [15] working days of such statement of facts. (Emphasis added.)
The plaintiffs allege that there were several instances when they sought defendant Chief Aylward's intervention in resolving their employment disputes arising out of the internal affairs investigations; however, Aylward failed to settle the dispute or give his answer within seven working days as required by the Union Contract grievance procedure. Despite repeated requests by the plaintiffs and union officials, Aylward failed to reveal the factual basis for proceeding with the investigation, among other things. Thus, the plaintiffs allege that Aylward "effectively thwarted [their] efforts to resolve [their] employment dispute[s] within the parameters of [the] Union Contract."
Regardless of whether Aylward responded to the plaintiffs' requests, the plaintiffs still had the option of submitting their grievances to the personnel director pursuant to Step 2 of the grievance procedure.[10] At oral argument before this Court on October 30, 1995, the plaintiffs asserted that they were not required to submit their grievances to the personnel director in light of the language in Article 10, § 3, Step 2 of the Union Contract which provides that they "may" do so as opposed to the mandatory language of Step 1 which uses the word "shall."
A recent Connecticut Appellate Court case which involved a similar grievance procedure is illuminating here. In Gemmell v.New Haven, 32 Conn. App. 280, 628 A.2d 1331 (1993), the appellate court affirmed a trial court judgment dismissing the plaintiff's appeal for lack of subject matter jurisdiction on the ground that he failed to exhaust his administrative remedies. Id., 280-81. In that case, the applicable grievance procedure was summarized as follows: CT Page 12769
 The first step of the process provides for a letter of grievance to the chief of the fire department. . . . If the grievant is not satisfied, a written grievance may be filed with the board, which will meet with the grievant and the union to attempt to resolve the dispute. the third step provides that the grievant and union representative may meet with the director of labor relations, after presenting a written grievance and meeting with the director or a designated representative.
(Emphasis added.) Id., 285. In Gemmell, although none of these procedures was undertaken, the court noted that "steps I through III of the collective bargaining agreement were available to the plaintiff. By not invoking these remedies before bringing an action before the trial court, the plaintiff failed to exhaust his available administrative remedies." Id., 287.
This Court finds no distinction in the present case. Alternative steps in the grievance procedure were available to the plaintiffs; they simply never attempted to invoke them.[11]
Therefore, the Court finds that the plaintiffs failed to exhaust their available administrative remedies.
The plaintiffs argue in the alternative that, even if they failed to exhaust their administrative remedies, General Statutes § 31-51bb authorizes their claims because they are premised on independent statutory rights independent of the collective bargaining agreement. The defendants contend that the plaintiffs' claims are not within the purview of § 31-51bb because they are dependent on the collective bargaining agreement or based on common law rather than statutory authority.
As noted above, General Statutes § 31-51bb creates an exception to the exhaustion doctrine where a plaintiff has a cause of action arising under the state or federal constitution or an independent statutory claim. Genovese v. Gallo Wine Merchants,Inc., supra, 226 Conn. 481. In their supporting memoranda, the defendants acknowledge that "Counts Two and Three allege violations of 42 U.S.C. § 1983[12] and various provisions of the U.S. and Connecticut constitutions." It is clear that count ten does as well. In addition, counts seven and nine allege failure to properly train and supervise and municipal liability, respectively. Although the plaintiffs do not specifically mention 42 U.S.C. § 1983
in these counts, such claims are clearly actionable under § 1983. CT Page 12770
The defendants cite Pet v. Dept. of Health Services, 207 Conn. 346,542 A.2d 672 (1988), however, for the proposition that the mere filing of § 1983 claims does not permit the plaintiffs to circumvent the exhaustion doctrine. This Court need not consider any potential impact Genovese v. Gallo Wine Merchants, Inc., supra, may have on Pet because it is distinguishable here. In Pet, the plaintiff "attempt[ed] to use a later filing of a § 1983 action to forestall an invocation of the exhaustion doctrine against an independent injunctive claim that he had previously filed." Pet v.Dept. of Health, supra, 207 Conn. 369-70. The court distinguished the use of § 1983 actions for injunctive purposes from the United States Supreme Court's clear holding "that exhaustion of state administrative remedies is not a prerequisite to an action fordamages under § 1983." (Emphasis added.) Id., 368, citing Patsyv. Board of Regents of the State of Florida, 457 U.S. 496, 501,102 S.Ct. 1699, 73 L.Ed.2d 172 (1982).
In the case at hand, the plaintiffs are seeking damages; thus, the plaintiffs are not required to exhaust their administrative remedies before pursuing counts two, three, seven, nine and ten in this court. Accordingly, the defendants' motion for summary judgment as to these counts is denied. In addition, the defendants' motion for summary judgment as to count eleven seeking indemnification is denied. Whereas, however, the remaining counts allege common law violations no predicated on any independent or statutory claims, the defendants' motion for summary judgment as to these claims is granted for failure to exhaust administrative remedies. See Cross v. Nearine, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 538675 (Feb. 17, 1995, Wagner, J.); Cassotto v. Winchester Board of Education,
Superior Court, judicial district of Litchfield, Docket No. 062801 (Nov. 15, 1994, Pickett, J.).
In conclusion, the defendants' motion for summary judgment as to counts two, three, seven, nine, ten and eleven is denied. The defendants' motion for summary judgment as to counts one, four, five, six and eight is granted.
BY THE COURT:
STANLEY, J.