[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Michael J. Saccardi, has filed an application for a temporary' injunction and a seven-count complaint against the defendants, Michael R. Nast, Anthony Markowski, H. Bruce Tucci and the Stamford Board of Education (board). The application for a temporary injunction was denied, and thereupon defendants filed a motion to dismiss the complaint based on lack of subject matter jurisdiction.
The facts as alleged in the complaint are as follows. In CT Page 1350 1984, the plaintiff received a three year appointment as head coach of men's varsity basketball at Westhill High which was renewed in 1987 for another three years. In 1989, allegations of recruiting violations were made against the plaintiff. The board found no merit to the allegations, but the Connecticut Interscholastic Athletic Conference (CIAC) concluded otherwise. In order to avoid litigation, the Stamford school system entered into a settlement agreement with CIAC. The Stamford Public Schools also entered into an agreement, dated December 22, 1989, whereby the Stamford Public Schools agreed not to discipline the plaintiff for the alleged violations.
At the end of Saccardi's term as Head Basketball Coach at Westhill, Saccardi was not selected for reappointment. Since that time, the plaintiff has applied for the positions of Assistant Baseball Coach at Westhill High, Assistant Baseball Coach at Stamford High, Assistant Basketball Coach at Stamford High and Assistant Baseball Coach at both Westhill and Stamford. The plaintiff has been denied, or has not been appointed to any of the other positions. The plaintiff alleges that coaches in the Stamford Public Schools are to be appointed under a set criteria provided by the Memorandum of Agreement Re: Selection of Coaches entered into by the Stamford Public Schools and the Stamford Education Association (SEA), of which the plaintiff is a member. The plaintiff further alleges that as a candidate he had a greater length of service as a coach in the particular sport, greater length of service on the level below that applied for, had adequate written evaluations and was a member of the SEA. The plaintiff alleges that: the defendants used the alleged CIAC violations in their considerations for the positions, in violation of the December 22, 1989 agreement. The plaintiff seeks a permanent injunction enjoining the defendants from utilizing or considering the CIAC violations of recruitment in making their decisions as to the appointment of the plaintiff to coaching positions in the Stamford public school system, money damages, and any other relief as equity provides.
"A motion to dismiss `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." AmericanCT Page 1351Laundry Machinery, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983).
The defendants argue that the plaintiff failed to exhaust administrative remedies available to him through the collective bargaining agreement between the Stamford Education Association and the Stamford Public School System, and therefore the court does not have subject matter jurisdiction over the action. "A party may not institute an action in the Superior Court without first exhausting administrative remedies." Gemmell v. New Haven,32 Conn. App. 280, 283, 628 A.2d 1331 (1993). "If the applicable administrative remedies are not exhausted, the trial court does not have subject matter jurisdiction over the matter." Id.
The plaintiff counters that the agreement at issue is a separate contract between himself and the Stamford Public School System, and is not governed by the collective bargaining agreement. This court has addressed this question on two previous occasions: a previous suit requesting a temporary injunction,Saccardi v. Tucci, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 124388 (June 22, 1992, Nigro, J.), and the instant suit again requesting a temporary injunction. In the first opinion, Judge Nigro held that the plaintiff had not exhausted his administrative remedies, and that "if [the December 22] agreement should be read, as the plaintiff would have it read, to mean that the allegations of CIAC violations and the penalties agreed to by the plaintiff can not be considered as a factor in assessing his possible appointment to a coaching position, that would certainly have to be considered a policy of the board." In his opinion dated April 5, 1995, Judge Dean agreed with Judge Nigro on this point. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Internal quotation marks omitted.) Suffield Bankv. Berman, 228 Conn. 766, 775, 639 A.2d 1033 (1994). Accordingly, because there are no new or overriding circumstances the court finds that the agreements at issue are not collateral agreements falling outside of the exhaustion doctrine.
The plaintiff further claims that even if the collective bargaining agreement were applicable in this situation, the final level of administrative remedy, level four, is illusory because it provides for non-binding arbitration and the parties would end CT Page 1352 up in court in any event. "It is futile to seek a remedy only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." OGIndustries v. Planning and Zoning Commission, 232 Conn. 419, 429,655 A.2d 1121 (1995). "An administrative remedy is futile or inadequate if the agency lacks authority to grant the requested relief." Savoy Laundry, Inc. v. Strafford, 32 Conn. App. 636,639-40, 630 A.2d 159, cert. denied, 227 Conn. 931, 632 A.2d 703
(1993). The plaintiff has not claimed that the board could not, in the sense of not having the authority to, grant the relief requested. Indeed the plaintiff was successful in his grievance complaint for the position of Head Basketball Coach at Westhill High School for the 1991-1992 season.
Lastly, the plaintiff argues that he has exhausted the administrative remedies available to him in counts one, two and six by pursuing the cases through level three of the SEA's grievance procedures, and requesting the SEA to bring the case to the fourth and final level, arbitration. The plaintiff has failed to show he is entitled to an exception to the exhaustion rule. "[W]here . . . a collective bargaining agreement provides that only the union can pursue a grievance to arbitration, and where the union fails to do so, a public employee may bring an action against his employer in the face of a defense: based on failure to exhaust contractual remedies. `However, the employee must allege and prove that the union, as bargaining agent, breached its duty of fair representation in its handling of the employee's grievance.'" Spadola v. Amity Regional Board of Education,7 Conn. L. Rptr. 473, 479 (1992); Vaca v. Sipes, 386 U.S. 171,87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Cassotto v. Winchester Board ofEducation, Superior Court, judicial district of Litchfield, Docket No. 062801 (Nov. 15, 1994, Pickett, J.). The plaintiff has not alleged that the union breached its duty of fair representation in not going forward with the arbitration, and therefore the plaintiff can not take advantage of the exception to the exhaustion doctrine. Accordingly, the motion to dismiss is granted.
D'Andrea, J. CT Page 1353