[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This action arises from the alleged failure of the defendant, Amado Cruz, to pay fees owed to the plaintiff, attorney Arnold L. Beizer, for the plaintiff's representation of the defendant in a workers' compensation claim. In April, 1989, when the defendant retained the plaintiff, the parties entered into a contractual fee agreement which provided that the plaintiff would be paid 20 percent of any and all specific and settlement money received by the defendant on his claim, plus costs and expenses incurred in the representation. The defendant allegedly reaffirmed the fee agreement on at least two occasions before the workers' compensation commissioner at informal hearings. The plaintiff continuously represented the defendant in his claim for over seven years. allegedly obtaining for the defendant a settlement for a specific award, and a higher percentage of permanent impairment rating. In 1996, the plaintiff allegedly negotiated a stipulated settlement agreement with the plaintiff's employers' insurance carrier. On December 19, 1996, the defendant discharged the plaintiff. On February 25, 1997, the defendant, allegedly using the negotiated settlement agreement which was the result of the plaintiff's effort and work product, settled his claim with the workers' compensation commission and received a lump sum payment of $20,000 in settlement. The plaintiff claims that pursuant to the fee agreement between the parties, the defendant owes the plaintiff $4,000, 20 percent of the settlement amount. The defendant has refused to pay the plaintiff the agreed upon fee.
On November 19, 1997, the plaintiff filed a three count complaint alleging breach of contract, quantum meruit, and conversion. On November 24, 1997, the defendant filed a motion to dismiss the complaint, accompanied by a memorandum of law, on the ground that the court lacks subject matter jurisdiction. On December 11, 1997, the plaintiff filed an objection to the defendant's motion to dismiss. On January 8, 1998, the defendant filed a reply to the plaintiff's objection. On January 29, 1998, the plaintiff filed a response to the defendant's reply to his opposition, and, on April 16, 1998, filed a supplemental CT Page 7475 memorandum of law in support of his objection to the defendant's motion to dismiss.
Practice Book § 143, now Practice Book (1998 Rev.) §10-31, provides in relevant part that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Figueroav. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). "Such jurisdiction relates to the court's competency to exercise power. . . ." Zoning Commission v. Fairfield Resources Management. Inc.,41 Conn. App. 89, 104, 674 A.2d 1335 (1996). "The issue of subject matter jurisdiction can be raised at any time. . . ." (Internal quotation marks omitted.) Gagnon v.Planning Commission, 222 Conn. 294, 297, 608 A.2d 1181 (1992). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552, 698 A.2d 245
(1997). "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to [its] previous rulings." (Internal quotation marks omitted.)Johnson v. Dept. of Public Health, 48 Conn. App. 102,108 (1998).
The defendant argues that this court lacks subject matter jurisdiction because General Statutes § 31-327 (b) provides that all attorney's fees are subject to the approval of the workers' compensation commissioner, and therefore, primary jurisdiction resides with the commission in this matter. The defendant further argues that the plaintiff has failed to exhaust his administrative remedies because hearings on this matter by the commission are presently ongoing. Further, the defendant argues that the plaintiff fails to show how the administrative solution is futile or inadequate in order to defeat the exhaustion of remedies doctrine. The defendant argues that, until the commissioner has made a fee approval, the Superior Court does not have jurisdiction. The defendant argues that because both doctrines invoke subject matter jurisdiction and bar remedy outside of the administrative agency, jurisdiction lies with the CT Page 7476 workers' compensation commission, thus this court is precluded from hearing this matter.
The plaintiff responds that General Statutes § 31-327
(b) is not applicable to the present circumstance because the plaintiff is not seeking fee approval by this action. The plaintiff argues that the defendant reaffirmed the fee agreement on occasions before the commissioner, that the plaintiff is owed the fee for over seven years of successful service on the defendant's behalf, that the claim with the commission was concluded with a settlement payment for which the plaintiff negotiated, that the claim was settled without consideration for the plaintiffs fee because of his earlier discharge by the defendant, and, as a result, the plaintiff did not receive a fee award in the settlement agreement. The plaintiff argues that the present action is a civil action seeking civil remedies for the defendant's failure to pay the agreed fee. Further, the plaintiff argues that the issue of the fee is no longer within the purview of the commission because the defendant's claim has been settled. The plaintiff argues that the doctrine of primary jurisdiction, therefore, does not apply. The plaintiff further argues that, even if the commission has primary jurisdiction at this time over approval of the amount of the fee, the exhaustion of remedies doctrine does not preclude his right to seek adjudication by the Superior Court because the commission has no authority to hear contract or tort matters or award damages. Thus, the plaintiff argues that there is no administrative remedy available to him.
"Under the doctrine of primary jurisdiction, a court must yield jurisdiction over an issue to an administrative panel created by the legislature to deal with such issues. Primary jurisdiction applies where a claim is originally cognizable in the courts, but enforcement of the claim requires, or is materially aided by, the resolution of threshold issues, usually of a factual nature, which are placed within the special competence of the administrative body." (Emphasis omitted; internal quotation marks omitted.) Golden Hill Paugussett Tribeof Indians v. Southbury, 231 Conn. 563, 593, 651 A.2d 1246
(1995). "Ordinarily, a court should not act upon subject matter that is peculiarly within the agency's specialized field without giving the agency an opportunity to apply its expertise . . ." (Internal quotation marks omitted.) Id., 594. "[O]therwise parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements." (Internal quotation marks omitted.) Sharkey v.CT Page 7477Stamford, 196 Conn. 253, 256, 492 A.2d 171 (1985).
"The doctrine of primary jurisdiction, like exhaustion, is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." (Internal quotation marks omitted.) Id. "[P]rimary jurisdiction situations arise in cases where a plaintiff, in the absence of pending administrative proceedings, invokes the original jurisdiction of the court to decide the merits of a controversy." Id. The doctrine is a policy of judicial deference rather than a challenge to the court's jurisdictional authority. See State v. Sebastian, 243 Conn. 115,150, 701 A.2d 13 (1997) ("[w]here a statute confers jurisdiction over a general subject matter to an agency and that matter is a significant component of a dispute properly before the court, it is desirable that the agency and the court go down the same track — although at different times — to attain the statute's ends by their coordinated action"); Sound View Water Improvement Co.,Inc. v. Shea, Superior Court, judicial district of New London at New London, Docket No. 529239 (November 21, 1994, Hurley, J.) (13 CONN. L. RPTR. 66, 68) ("[t]he primary jurisdiction doctrine . . . [is] one in which the Court, although possessed of concurrent jurisdiction, will defer to the judgment of an administrative agency . . . where that agency has special competence in that particular area"). "[T]he judicial process is suspended pending referral of such issues to the administrative body for its views. . . . [I]t cannot operate to divest a court of its ultimate jurisdiction. . . . [T]he threshold issue in determining whether [the] doctrine [of primary jurisdiction] applies is whether both the court and an agency have jurisdiction over the same issue." (Citations omitted; internal quotation marks omitted.) Second Injury Fund of the State Treasurer v. Lupachino,45 Conn. App. 324, 348-49, 695 A.2d 1072 (1997).
"[C]ourts of general jurisdiction are presumed to have jurisdiction. . . . This presumption of jurisdiction, however, does not apply to tribunals of limited jurisdiction, such as . . . [a] commission." Figueroa v. C S Ball Bearing, supra,237 Conn. 1, 10-11. "The Superior Court is a court of general jurisdiction that derives its power in civil matters from General Statutes § 52-1."[1] Bauer v. Waste Management of Connecticut, Inc.,239 Conn. 515, 534, 686 A.2d 481 (1996). "The Superior Court is a constitutional court of general jurisdiction. . . . In the absence of statutory or constitutional provisions, the limits of CT Page 7478 its jurisdiction are delineated by the common law. . . . It has general subject matter jurisdiction." (Citations omitted; internal quotation marks omitted.) Second Injury Fund of theState Treasurer v. Lupachino, supra, 45 Conn. App. 344-45. This is a court of general jurisdiction, and, thus, has subject matter jurisdiction over claims sounding in contract and tort. SeeRappoport v. Life Galley, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324861 (January 27, 1997, Melville, J.).
"Administrative agencies are tribunals of limited jurisdiction and their jurisdiction is dependant entirely upon the validity of the statutes vesting them with power. . . . [An] administrative body must act strictly within its statutory authority. . . ." Second Injury Fund of the State Treasurer v.Lupachino, supra, 45 Conn. App. 344. The workers' compensation commissioner has primary jurisdiction over claims for damages on account of personal injury sustained by an employee arising out of and in the course of employment. See General Statutes §31-284 (a); Perille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529, 532, 494 A.2d 555 (1985); Second Injury Fund of theState Treasurer v. Lupachino, supra 45 Conn. App. 345. Pursuant to General Statutes § 31-327 (b), "[a]ll fees of attorneys . . . for services under this chapter shall be subject to the approval of the commissioner," and "[t]he compensation commissioner shall retain jurisdiction over claims for compensation, awards, and voluntary agreements for any proper action thereon, during the whole compensation period applicable to the injury in question." General Statutes § 31-315. The purpose of commissioner approval of fee awards is to prevent abuse of the humanitarian purpose of the act by professionals overbilling for services to claimants. The commissioner's authority under General Statutes § 31-327 (b) gives him "the power to examine all attorney's fee agreements to ensure that they are consistent with the fee guidelines" pursuant to General Statutes § 31-280 (b) (11) (c), which "limit an attorney's fee to 20 percent of the total of the settlement or stipulation, less medical bills that are paid by the claimant." Day v. City ofMiddletown, 16 Conn. Workers' Comp. Rev. Op. 200-203 (1997).
These statutes do not give the commissioner the power to hear contract or tort claims. The various Worker's Compensation Acts were not intended or designed to compensate an attorney for damages resulting from his client's refusal to pay his fee upon settlement of his compensation claim when that client, by CT Page 7479 discharging the plaintiff, removed him from the settlement process and prevented him from receiving approval of any fee award from the commissioner during the compensation period. The defendant fails to demonstrate by what authority the commissioner may hear a matter alleging civil wrongs and seeking civil damages. The commission is not a court of general jurisdiction. Its authority, is limited to matters arising under Chapter 568, the Workers' Compensation Act. Because the plaintiff's causes of action, breach of contract, quantum meruit, and conversion, arise out of common law contract and tort theories, and because there is no statutory authority for the commissioner to adjudicate these claims, the plaintiff's claims are outside of the primary jurisdiction of the commissioner. An approval of the plaintiff's fee is not necessary to the plaintiff's civil claim. Furthermore, the compensatory period in which the commissioner had authority ended with the settlement to the defendant, pursuant to General Statutes § 31-315. Although the commissioner has the power to modify awards; Second Injury Fund of the State Treasurer v.Lupachino, supra 45 Conn. App. 345; in the present case, there was no award to the plaintiff at the time of settlement to be modified. Based on the foregoing, the commissioner does not have primary jurisdiction in this matter.
Failure to exhaust administrative remedies is a proper ground for a motion to dismiss. See Johnson v. Department of PublicHealth, supra, 48 Conn. App. 108; Gemmell v. New Haven,32 Conn. App. 280, 283, 628 A.2d 1331 (1993). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 503, 661 A.2d 1018
(1995). Furthermore, "[b]ecause the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiffs] claim." (Internal quotation marks omitted.) Johnson v. Department of Public Health,supra, 48 Conn. App. 108. "The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment. . . . It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Internal quotation marks omitted.) CT Page 7480Simko v. Ervin, supra, 234 Conn. 504. "[I]t is possible that frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." (Internal quotation marks omitted.)Cannata v. Dept. of Environmental Protection, 215 Conn. 616, 625,577 A.2d 1017 (1990).
"There are some exceptions to the exhaustion doctrine, although we have recognized such exceptions only infrequently and only for narrowly defined purposes. . . . We have recognized that a party aggrieved by a decision of an administrative agency may be excused from exhaustion of administrative remedies if: recourse to the administrative remedy would be futile or inadequate . . . the procedures followed by the administrative agency are constitutionally infirm . . . or injunctive relief from an agency decision is necessary to prevent immediate and irreparable harm." (Citations omitted; internal quotation marks omitted.) Polymer Resources, Ltd. v. Keeney, 227 Conn. 545, 561,630 A.2d 1304 (1993). "It is futile to seek a remedy only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." O GIndustries Inc. v. Planning Zoning Commission, 232 Conn. 419,429, 655 A.2d 1121 (1995). Because the commission does not have the authority to adjudicate this matter, there is no administrative remedy available for the plaintiff's claims. Thus, the exhaustion doctrine does not provide a ground for dismissing the present case. See Stabile v. Southern Conn. Health Sys., Superior Court judicial district of Fairfield at Bridgeport, Docket No. 326120 (February 7, 1996, Thim, J.); Emmett v. Greater New York Mutual Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 315708 (July 22, 1996, Hauser, J.); Rotz v. Middlesex Mutual AssuranceCo., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488 (January 27, 1995, Hauser, J.) (13 CONN. L. RPTR 324, 327).
The plaintiff's claim is not brought pursuant to the workers' compensation statutes, nor does the act provide jurisdiction to hear or to remedy these claims. The plaintiff here is not seeking to settle a fee dispute, nor seeking fee approval from thecommissioner for settlement purposes during a compensationperiod. The plaintiff seeks a civil remedy for the defendant's dismissing him on the eve of settlement and depriving him of their agreed upon fee. Therefore, the defendant's argument regarding primary jurisdiction and exhaustion of remedies doctrines is without merit. CT Page 7481
 CONCLUSION
For the foregoing reasons, the defendant's motion to dismiss the plaintiffs complaint is denied.
HALE, J.